IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00778-REB-MEH

UNITED STATES WELDING, INC., a Colorado corporation,

    Plaintiff,

v.

TECSYS, INC., a Canadian corporation,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint and Motion to Strike ("Defendant's Motion") [filed May 6, 2014; docket #14]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #27]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully RECOMMENDS that Defendant's Motion be **granted in part** and **denied without prejudice in part** as set forth herein.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiff United States Welding, Inc. initiated this action by filing a Complaint on March 17, 2014 in the United States District Court for the District of Colorado against Defendant Tecsys, Inc. (Tecsys). (Docket #2.) Along with the Complaint, Plaintiff filed a Summons addressed to "Tecsys, Inc.[,] 1001 Avenue of the Americas[,] 4th floor[,] New York, New York[,] USA 10018." (Docket # 2, attachment # 4.) On March 18, 2014, the Clerk issued a Summons containing this same name and address for the Defendant. (Docket # 4.) Plaintiff filed an Affidavit of Service on April 4, 2014, which stated that "TECSYS, INC., 1001 AVENUE OF THE AMERICAS, 4TH FLOOR, NEW YORK, NY, 10018" was the "proper and authorized person to be served in this proceeding," and that service was executed by delivering the Summons, Complaint, Jury Demand, and Exhibit A to Ewa Sobon, who, "upon information and belief, [] is an officer of the domestic corporation." (Docket # 9.)

On May 9, 2014, Defendant filed the present Motion pursuant to Rule 12(b)(2), 12(b)(5), and 12(b)(6), requesting that Plaintiff's Complaint be dismissed in part with prejudice and in remaining part without prejudice; alternatively, Defendant requests that the Court quash service of the summons, and that the Court strike the Complaint's demand for punitive damages pursuant to Rule 12(f). (Docket # 14.) Defendant asserts that service should be quashed because Plaintiff "delivered the Summons and Complaint to an unaffiliated third party," Ewa Sobon. (Docket # 14 at 1.) Based on the Declaration of Marion Soumagne, General Counsel at Defendant Tecsys in Montreal, Quebec (docket # 14, attachment # 1), Defendant claims that (1) Ms. Sobon is not an employee of Defendant, nor is she an officer, managing agent, or an agent authorized by appointment to receive

2

service on Defendant's behalf, and (2) Defendant is a Canadian corporation headquartered in Quebec with no employees nor office locations anywhere in the United States. (Docket # 14 at 4.) Defendant admits to having a wholly-owned subsidiary, Ohio-based TS-Ohio, that has a virtual office at 1001 Avenue of the Americas, 4th floor, New York, NY 10018. (Docket # 14 at 4-5.) However, Defendant states that TS-Ohio is not a party to this litigation, and that none of TS-Ohio's employees or officers are located in New York. (Docket # 14 at 4-5.)

On May 27, 2014, Plaintiff filed a Response to Defendant's Motion. (Docket # 17.) Among its arguments concerning dismissal is Plaintiff's contention that, under Colorado law, Defendant has been properly served. Plaintiff argues that it is reasonable to infer that Ms. Sobon is a valid agent of Defendant for two reasons. First, Ms. Sobon was "located at the address that [Defendant] presents itself to the public as its United States office." (Docket # 17 at 2.) Second, Ms. Sobon "communicated the service, Summons, and Complaint to [Defendant], thereby effectuating service." (Docket # 17 at 2.)

Defendant filed its Reply on June 11, 2014. (Docket # 19.) In the Reply, Defendant asserts that Colorado law regarding service on a corporation has no relevance in this situation. (Docket # 19 at 10.) Even applying Colorado law, Ms. Sobon is still not a proper agent of Defendant because she has "*no relationship* with [Defendant]," nor with Defendant's subsidiary, TS-Ohio. (Docket # 19 at 10.) Thus, Plaintiff's attempted service is ineffective and this Court may not exercise jurisdiction over Defendant. (Docket # 19 at 11.)

The Court has reviewed the operative pleading, the motion, the briefs, and the applicable law, and is sufficiently advised.

## **LEGAL STANDARDS**

The Court may dismiss a case pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Meyers v. Pfizer, Inc.*, No. 13-cv-01508-WJM-CBS, 2014 WL 1598723, at *2 (D. Colo. April 21, 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353). "Effectuation of service is a precondition to suit ..." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the Court lacks personal jurisdiction over the Defendant. *See Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008).

When opposing a motion to dismiss for insufficient service of process, "plaintiff bears the burden of making a prima facie case that [he or she] has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (citation omitted). "The parties may submit affidavits and other documentary evidence for the Court's consideration, and Plaintiff is entitled to the benefit of any factual doubt." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. 2008); *but cf. Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984) ("mere affidavits which parrot and do no more than restate plaintiff's allegations. . . without factual content do not end the inquiry"). "Plaintiff must demonstrate that the procedure employed by [him or her] to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Meyers*, 2014 WL 1598723, at *2 (citation omitted).

## ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure requires that, in the absence of an exception provided by federal law or the filing of the defendant's waiver, a corporate defendant served in a judicial district of the United States must be served one of two ways: either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." *See* Fed. R. Civ. P. 4(h).

Here, the Court is unaware of an applicable exception provided by federal law, and no waiver of service has been filed. Therefore, the Plaintiff must establish a prima facie case of compliance with Rule 4(h). It is undisputed that the Summons and Complaint were delivered to Ms. Sobon at an address where Defendant's wholly-owned subsidiary, not the Defendant itself, has a virtual office. Apparently, Ms. Sobon is not an employee of Defendant or of the wholly-owned subsidiary. Regardless of whether Defendant presents the New York address as its office location in the United States--an allegation for which Plaintiff fails to provide any factual support--the authority of Ms. Sobon, who apparently had no relation to Defendant, to receive this service is dubious.

Under these circumstances, Ms. Sobon's mere physical presence at the wholly-owned subsidiary's virtual office and communication of the Summons to Defendant are not sufficient to persuade the Court that Ms. Sobon had the authority to receive service on behalf of the Defendant in compliance with either method provided in Rule 4(h). *Cf. Hearron v. Premier Mfg. Support Services, Inc.*, No. 10-2422-KHV, 2012 WL 4921789, at *1 (D. Kan. Nov. 9, 2010) (service on an individual having no affiliation with the defendant did not satisfy Rule 4(h)). *See also Inversora Murten, S. A. V. Energoprojekt Holding Co.*, No. 06-cv-02312, 2010 WL 1378281, at *3 (D. Colo.

Mar. 31, 2010) (Actual notice on the part of the Defendant alone does not necessarily make service sufficient). Thus, the Court concludes that Plaintiff has not established a prima facie showing of properly effectuated service, and Plaintiff's attempted service is insufficient. Because service is insufficient here, the Court cannot exercise personal jurisdiction over the Defendant and lacks the jurisdiction necessary to adjudicate the other issues raised in Defendant's Motion.

While the Court may dismiss a case for insufficient service of process, it may also "quash the process without dismissing the action and give the plaintiff an opportunity to re-serve the defendant." *Savard v. JP Morgan Chase Bank, N.A.*, No. 09-cv-2108-WDM-MJW, 2010 WL 2802543, at *2 (D. Colo. July 14, 2010) (citation omitted). The Court has broad discretion to quash defective service and retain the case, especially where the Court may reasonably conclude that the plaintiff will ultimately be able to serve the defendant properly. *See Barksdale v. Connaghan*, No. 10-cv-02941, 2011 WL 3664382, at *3 (D. Colo. July 28, 2011). Dismissal in such a case "would be without prejudice and would probably lead to the reinstitution of the suit...[thereby] needlessly burden[ing the plaintiff] with additional expense and delay [while] postpon[ing] the adjudication of the controversy's merits."*Montgomery, Zukerman, Davis, Inc. v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988) (citation omitted). *Cf. Miree v. U.S.*, 490 F. Supp. 768, 776 (N.D. Ga. 1980) (finding that a case should not be dismissed for insufficient service unless the defendant has been seriously prejudiced as a result of the mistake or of the delay in fixing it).

In this case, the Defendant had actual notice of the suit and has not demonstrated any prejudice resulting from ineffective service. Thus, it would be appropriate for the district court to quash service, but to retain the case and grant Plaintiff an opportunity to re-serve Defendant in a manner comporting with Rule 4(h).

Rule 4(m) provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court. . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Pursuant Rule 4(m), district courts have the discretion to extend the time for service beyond 120 days, regardless of whether a plaintiff may show good cause for untimely service. *Espinoza v. U. S.*, 52 F.3d 838, 841 (10th Cir. 1995).

In this case, Plaintiff filed the Complaint on March 17, 2014. (Docket # 2). The 120-day deadline for service ends after July 15, 2014. Under these circumstances, the Court recommends that the deadline be extended to allow Plaintiff sufficient time to properly effectuate service.

## CONCLUSION

Accordingly, for the reasons set forth herein, the Court respectfully RECOMMENDS that Defendant Tecsys's Motion (docket # 14) be **granted in part** to the extent that Defendant requests service be quashed. The Court recommends that the district court quash service, retain the case, and afford Plaintiff an opportunity to re-serve Defendant in a manner comporting with Rule 4(h). Also, the Court recommends that the 120-day period for timely service be extended pursuant to Rule 4(m) to allow Plaintiff to properly serve Defendant. The remainder of Defendant's Motion (docket # 14) should be **denied without prejudice** for the Court's lack of jurisdiction to hear Defendant's remaining arguments at this time.

Respectfully submitted this 9th day of July, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge