**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00778-REB-MEH

UNITED STATES WELDING, INC.,

    Plaintiff,

v.

TECSYS, INC.,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment hereunder.

**1.**  **Classes of Protected Information.**

The terms of this Order are not to be used to undermine prosecuting this litigation.  When appropriate, a party or witness, on its own or through its attorney, may seek to protect the confidentiality of information by designating and stamping as **CONFIDENTIAL** material to be shielded from public access.  Such

information may include information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information.  **CONFIDENTIAL** information obtained by a party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2. **Information Not to Be Designated as Protected.**

Information may not be treated as **CONFIDENTIAL** if it (a) is or becomes public knowledge, as shown by publicly available writings, other than through violation of the terms of this order; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was rightfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding without obligation of confidentiality, and for which there is written evidence of such rightful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.  Notwithstanding the foregoing, any information disclosed under this Order that is already in the possession of a non-designating party and is already subject to an obligation of confidentiality shall remain subject to that obligation of confidentiality.

**3.      Access to Protected Information.**

The provisions of this Order regarding access to protected information are subject to modification by written agreement of the Parties or their attorneys, or by motion filed with and approved by the Court.

　　　a.    **Parties** are defined as including individuals, officers, partners, and employees of Plaintiff and Defendant.

　　　b.    **Attorneys** for Parties are defined as outside counsel for the Parties, including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under outside counsel's instruction.

　　　c.    **Independent experts or consultants** include individuals retained by a party for purposes related to prosecution or defense of the proceeding but who are not otherwise employees or agents of either the party or its attorneys, including mock jurors.

　　　d.    **Non-party witnesses** include any individuals to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness.

**Parties** and their **Attorneys** shall have access to information designated as **CONFIDENTIAL**.

**Independent experts or consultants, non-party witnesses,** and any other individual not otherwise specifically covered by the terms of this Order may

be afforded access to **CONFIDENTIAL** information in accordance with the terms that follow in section 4.

4. **Disclosure to Any Individual**.

Prior to disclosure of protected **CONFIDENTIAL** information or documents by any party or its attorney to any individual or entity not already provided access to such information by the terms of this Order, the individual or entity shall be informed of the existence of this Order and provided with a copy to read. The individual will then be required to certify in writing that the Order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected information until the party or attorney proposing to disclose the information has received the signed certification from the individual. A form for such certification is attached to this Order as **Exhibit A**. The party or attorney receiving the completed form shall retain the original or a copy and shall transmit a copy of the completed form to counsel for the adverse party.

5. **Responses to Written Discovery**.

Responses to interrogatories under Federal Rule 33 and to requests for admissions under Federal Rule 36 that the responding party reasonably believes contain **CONFIDENTIAL** information shall be prominently stamped or marked as **CONFIDENTIAL**. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse Parties, in writing, of the error.

**6.     Production of Documents.**

If a party responds to requests for production under Federal Rule 34 by making copies and forwarding the copies to the inquiring party, then the copies shall be prominently stamped or marked, as necessary, as **CONFIDENTIAL**. If the responding party makes documents available for inspection and copying by the inquiring party, all documents shall be considered protected during the course of inspection.  After the inquiring party informs the responding party what documents are to be copied, the responding party will be responsible for prominently stamping or marking the copies as **CONFIDENTIAL**. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse Parties, in writing, of the error.

**7.     Depositions.**

During discussion of any documentary or non-documentary **CONFIDENTIAL** information during a deposition, the interested party may make oral note on the record of the protected nature of the information.

The transcript of any deposition and all exhibits or attachments shall be considered **CONFIDENTIAL** for 30 days following the date of service of the transcript by the party that took the deposition.  During the 30-day period, or on the record during the course of the deposition, a party or non-party witness may designate portions of the transcript, and any exhibits or attachments thereto, as **CONFIDENTIAL** by informing the other parties and the court reporter or stenographer of the designations.

**8.     Handling of Protected Information.**

Disclosure of information protected under the terms of this Order is intended only to facilitate the prosecution or defense of this case. The recipient of any protected information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using or disseminating the information.

**9.     Redaction; Filing Material With the Court.**

When a party or attorney must file a document containing **CONFIDENTIAL** information with the Court, but the **CONFIDENTIAL** information is not necessary to the issues presented to the Court, the **CONFIDENTIAL** information should be redacted if feasible. At least two business days before filing any such document with the Court, the filing party must seek the designating party's approval with respect to the propriety and sufficiency of the redactions, which approval shall not be unreasonably withheld.

When a party or attorney files a motion, brief, memorandum, or other document with the Court containing **CONFIDENTIAL** information that is necessary to resolution of the issues presented to the Court, the document containing such **CONFIDENTIAL** information shall be filed as a restricted document, and an accompanying motion to restrict access (Level 1) shall be filed in accordance with Local Rule 7.2.

**10.    Acceptance of Information; Inadvertent Disclosure.**

Acceptance by a party or its attorney of information disclosed under designation as **CONFIDENTIAL** shall not constitute an admission that the

information is, in fact, **CONFIDENTIAL**. Inadvertent disclosure of information which the disclosing party intended to designate as **CONFIDENTIAL** shall not waive any right to claim the information as protected upon discovery of the error.

A party that inadvertently discloses privileged information or information subject to work-product protections may request in writing that the receiving party destroy all copies of the inadvertently disclosed information. Within five business days, the party and its attorneys must destroy all such information in its possession and must similarly request that any other person to whom the party or attorney provided the information also destroy all such information and must certify its compliance with this paragraph. If the receiving party disagrees as to whether the information is privileged information or information subject to work product protections, the parties are obligated to confer in good faith in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the party challenging the designation may file a motion with the Court challenging the assertion of the privilege; in such case, the party may retain the information until such time as the Court enters a ruling determining whether the information is subject to a valid privilege or work product protection.

**11.    Challenges to Designations of Information as CONFIDENTIAL.**

If the Parties or their attorneys disagree as to whether certain information should be protected, they are obligated to confer in good faith regarding the designation by the disclosing party. If the Parties are unable to resolve their differences, the party challenging the designation may make a motion before the Court seeking a determination of the status of the information.

A challenge to the designation of information as **CONFIDENTIAL** must be made within 30 days of receipt of the designation or designated material, or as soon as practicable after the basis for challenge is known.

The party designating information as protected bears the burden of proving that the information should be protected from disclosure.

**12.     Other Rights of the Parties and Attorneys.**

This Order shall not preclude the Parties or their attorneys from making any applicable claims of privilege during discovery or at trial.  Nor shall the Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

**13.     Contemplation of Additional Degrees of Protection.**

The parties have discussed the possibility that more severe restrictions — such as limiting access to outside counsel and retained consultants and experts (i.e., "Highly Confidential - Attorneys Eyes Only") —may become appropriate for certain information that may be discoverable but that, for example, if disclosed to the other party would work a competitive disadvantage to the business interests of the producing party.  In the event that a producing party reasonably believes that any information to be produced requires such extra protections, the party will promptly notify the receiving party of such belief and of the volume and nature of the information needing further protection.  The producing party may withhold such information from production until outside counsel have met and conferred in good faith regarding modification of this Order to include provision for such additional protections and the necessity for such additional protections.  Within

10 days of the parties' conference, if the parties are unable to resolve whether the withheld information requires further protections or what protections are appropriate, the producing party may file a motion for a protective order setting forth the parties' disagreements and the protections requested.  Within 5 days thereafter, the receiving party may file a responsive brief.

14. **Confidential Materials After Judgment.**

By jointly submitting and signing this Protective Order, the Parties agree that the provisions of this Protective Order shall remain binding after the date of entry of judgment and be subject to enforcement in a court of competent jurisdiction, unless stipulated otherwise by the Parties.

**So Stipulated:**

**United States Welding, Inc., by its attorneys,**

  /s/ Marcus Stephen Harris                                       Dated: October 31, 2014

**TECSYS, Inc. , by its attorneys,**

  /s/ Benjamin N. Simler                                       Dated: October 28, 2014

**So Ordered:**

Dated at Denver, Colorado, this 6th day of November, 2014.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

9

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00778-REB-MEH

UNITED STATES WELDING, INC.,

    Plaintiff,

vs.

TECSYS, INC.,

    Defendant.

**STIPULATED PROTECTIVE ORDER**

**ACKNOWLEDGEMENT**

I, _____, declare that I have been provided with a copy of the Order regarding the disclosure of, and protection of, certain types of information and documents during and after the above-captioned case.

I have read the Order and understand its terms and provisions, to which I agree to be bound. Specifically, I agree to hold in confidence any information or documents designated as CONFIDENTIAL and disclosed to me in conjunction with any part I take in this proceeding.

I agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the limited purpose of its enforcement of this acknowledgement and the Stipulated Protective Order.

_____
Signature

_____
Date