IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00778-REB-MEH

UNITED STATES WELDING, INC., a Colorado corporation,

    Plaintiff,

v.

TECSYS, INC., a Canadian corporation,

    Defendant.

_____

## ORDER

_____

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion to Strike [Defendant Tecsys, Inc.'s] Designation of

Non-Parties at Fault [filed December 3, 2014; docket #48]. The motion is fully briefed, and the

Court finds oral argument would not materially assist the Court in its adjudication of the motion.

For the reasons that follow, the motion is **denied**.

## BACKGROUND

Plaintiff United States Welding, Inc. ("USW") initiated this action against Defendant Tecsys,

Inc. ("Tecsys") on March 17, 2014. (Docket #2.)  USW alleges generally that it licensed faulty

"EliteSeries" financial management software from TECSYS, that it only entered into the License

Agreement because TECSYS intentionally or negligently misrepresented the capabilities and

functionality of its EliteSeries software, and that TECSYS failed to perform its support obligations

under the License Agreement.  Based on these allegations, USW brings the following claims: (1)

fraudulent inducement; (2) negligent misrepresentation; (3) gross negligence; (4) willful misconduct;

(5) breach of contract; (6) breach of express and implied warranty; (7) breach of the duty of good

faith and fair dealing, and (8) breach of fiduciary duty.  USW seeks compensatory and punitive damages, together with pre- and post-judgment interest, costs and attorney's fees.

On May 9, 2014, in response to the Complaint, Tecsys filed a Motion to Dismiss pursuant to Rule 12(b)(2), 12(b)(5), and 12(b)(6), requesting that USW's Complaint be dismissed in part with prejudice and in remaining part without prejudice; alternatively, Defendant requested that the Court quash service of the summons, and that the Court strike the Complaint's demand for punitive damages pursuant to Rule 12(f).  Docket #14.  On July 9, 2014, this Court issued a recommendation that the Motion to Dismiss be granted in part pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process and denied the motion without prejudice as to Defendant's remaining arguments. Docket #29. Since that time, USW again attempted and effected service of process; accordingly, the District Court adopted the Court's recommendation and quashed the original service.  Docket #44.

On September 5, 2014, Tecsys filed a Renewed Motion to Dismiss informing the Court that "with the exception of the reservation noted in Note 1 above [service effected outside deadline set in Fed. R. Civ. P. 4(m)], Tecsys does not challenge the validity of that service,"[1] and asked that the Court rule on the remaining Rule 12(b)(6) arguments.  Motion, docket #32 at 2 n.2.  After full briefing on the motion, this Court issued a Report and Recommendation on December 1, 2014 that the motion be granted in part and denied in part.  Docket #47.  The recommendation and motion remain pending before the District Court.

Meanwhile, Tecsys filed a "Designation of Non-Parties at Fault" on June 16, 2014 identifying Optimum Networking LLC as an entity that "may be at fault in whole or in part."

---

[1]Notably, in its recommendation on the original motion to dismiss, this Court requested that the District Court grant an extension of the Rule 4(m) deadline to allow USW to effect proper service upon Tecsys.  Docket #29 at 7.

Docket #20.  Days later, this Court issued a Scheduling Order on June 20, 2014 and the parties have engaged in formal discovery since that time.  In fact, at the parties' request, the Court issued a Stipulated Protective Order regarding the production of confidential information and documents on November 6, 2014.  Docket #43.  On November 12, 2014, Tecsys filed an "Errata to Designation of Non-Parties at Fault" asserting that it had "inadvertently misnamed Optimum Networking as an LLC instead of Inc."  Docket #45.  The Errata does not explain how Tecsys learned of its error.

USW filed the present motion to strike on December 3, 2014 arguing that Tecsys' designation of Optimum Networking, Inc. is "improper, untimely, [and] invalid" because "it attempts to substitute one party for another; it does not simply cure a minor detail or misprint," because "Optimum did not owe a duty to USW" and because the designation "alleges no facts that can reasonably establish a prima facie case against Optimum."  Motion, docket #48.

Tecsys counters that any delay in the filing of the November 12, 2014 designation should be excused because the amendment simply changed "LLC" to "Inc."; the designation contains sufficient information and need not set out all relevant facts under Colorado law; and USW's contract and tort claims depend on tort-like duties.  Moreover, Tecsys asserts that USW's objections regarding the content of the amended designation have been waived, since the content is identical to the original designation and USW failed to file a motion to strike that designation within the deadline set forth in Fed. R. Civ. P. 12(c).

USW replies "disagreeing" with Tecsys that its objections are waived under Rule 12(c) and asserting that it filed the present motion within the deadline.  USW also repeats its arguments that the designation fails to establish a prima facie case and that Optimum owed a duty to USW.

**ANALYSIS**

Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Defendant designated Optimum pursuant to Colo. Rev. Stat. § 13-21-111.5, which allows a defendant to designate as a nonparty at fault an individual or entity "wholly or partially at fault" for the damages alleged by the plaintiff in civil liability cases. For a designation of a non-party to be proper, the moving party must give notice of the designation within ninety (90) days of the commencement of the action, unless the court considers a longer period necessary. Colo. Rev. Stat. § 13-21-111.5(3)(b). The notice must set forth the "nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." *Id.* This designation ensures that parties found liable will not be responsible for more than their fair share of the damages. *Stone v. Satriana*, 41 P.3d 705, 708-09 (Colo. 2002).

In *Redden v. SCI Colorado Funeral Servs.*, 38 P.3d 75 (Colo. 2001) (en banc), the Colorado Supreme Court held that "[c]ourts should construe [nonparty] designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Id.* at 80 (citing cases). The court stated, "Our statute is clear that a non-party designation is reserved for individuals or entities who might themselves be at fault and therefore liable for the injury at issue." *Id.* at 81 (emphasis added). Further, the following elements should be considered when determining whether to extend the 90-day filing deadline:

(1)     Was the neglect excusable?

(2)     Do the Defendants allege a meritorious claim or defense?

(3)    Is relief from the 90-day deadline consistent with equitable considerations?

*Id.* at 84.

A party seeking to designate a nonparty at fault need not prove the nonparty's fault or negligence, but the submission must "go beyond bald allegation"; that is, "[a] proper nonparty designation connects alleged facts with the established elements of negligence." *Redden*, 38 P.3d at 81. In other words, "a nonparty-at-fault designation is improper when the moving defendant fails to establish a *prima facie* case that the potential nonparty breached a legal duty to the plaintiff." *Stone v. Satriana*, 41 P.3d 705, 709 (Colo. 2002). A nonparty designation should be stricken as insufficient as a matter of law if the designating party fails to establish a *prima facie* case of negligence. *See Stone*, 41 P.3d at 709; *Redden*, 38 P.3d at 80-81.

First, the Court disagrees with Tecsys and finds USW has not waived its objections to the designation pursuant to Fed. R. Civ. P. 12(f)(2).[2] Although a designation is a "pleading" pursuant to Colo. Rev. Stat. § 13-21-111.5, such designation is not listed as one of the "only" pleadings "allowed" under the *federal* rules (*see* Fed. R. Civ. P. 7) and, thus, is not contemplated by the federal rules.[3] Accordingly, the motion does not arise under, and is not subject to, the requirements of Rule 12(f)(2).

Second, the Court disagrees with USW's argument that the amended designation is untimely as having "substituted" a "different" entity. It is clear from the designation that Tecsys simply

---

[2]Tecsys inconsistently argues that a designation is not a pleading pursuant to Fed. R. Civ. P. 15, yet is subject to the requirements of Fed. R. Civ. P. 12(f).

[3]This Court respectfully acknowledges the contrary opinions in *Resolution Trust Corp. v. Ascher*, 839 F. Supp. 764, 766 (D. Colo. 1993) and *F.D.I.C. v. Clark*, No. 88-F-647, 1989 WL 507007, at *8 (D. Colo. Mar. 23, 1989) (unpublished); however, the Court notes these opinions have not been cited and were issued well before the decisions in *Redden* and *Stone*.

changed the name of the non-party from Optimum Networking, LLC to its proper name, Optimum Networking, Inc., and the address listed is exactly the same.  In fact, a proper designation need not even identify a non-party.  *See  Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002) (designation of an unknown person is permissible so long as designation otherwise complies with statute); *see also Fed. Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992) (stating that the best identification under the circumstances, which does not necessarily include the nonparty's name, is all that is required).  The Court concludes that, to the extent that an extension of the 90-day deadline is necessary to amend the designation from "LLC" to "Inc.," such extension is proper and granted in this case.

Third, the Court finds that it need not determine at this stage whether the designation applies to USW's contract claims.  USW has alleged certain "tort" claims in addition to the contract claims – i.e., fraudulent inducement, negligent misrepresentation, gross negligence, willful misconduct and breach of fiduciary duty – but whether they sound in tort or in contract, and even whether they survive Tecsys' Fed. R. Civ. P. 12(b)(6) challenge, are issues currently before Judge Blackburn on this Court's December 1, 2014 Report and Recommendation (docket #47).  It is sufficient at this point that the operative pleading appears to allege torts in Claims 3, 4 and 8, in which the allegations provide in essence, "The nature of this relationship between USW and Tecsys was one of trust and confidence as Tecsys was in a superior position and possessed special knowledge," "USW relied upon Tecsys to perform its duties in utmost good faith," and "Instead of performing its duties in good faith, Tecsys intentionally [breached its duties]." *See* Complaint, ¶¶ 65, 66, 68, 75, 76, 78, 111, 112, and 113, docket #2.  Such allegations place Tecsys on notice that the claims may be subject to Colo. Rev. Stat. § 13-21-111.5.

Fourth, the Court concludes that, although the designation does not meet *Redden*'s heightened "brief statement" standard, the designation need not be stricken. Rather, amendment of the designation is the appropriate result here. The designation, in its entirety, states:

> Optimum Networking Inc. ("Optimum") was obligated to provide technical services to United States Welding, Inc. ("USW"), including services which USW now alleges were TECSYS's responsibility. Optimum negligently performed or failed to perform the services it represented to TECSYS or USW that it would perform. To the extent Optimum's services contributed to USW's alleged damages, Optimum actually and proximately caused those damages.

Defendant's Errata to Designation of Non-Parties at Fault, docket #45. The Court agrees with USW that the designation, as written, does not contain sufficient alleged facts to state a *prima facie* case. The 30-page Complaint in this case contains 113 paragraphs of allegations supporting its seven claims for relief based primarily on a comprehensive service agreement between the parties; accordingly, referring broadly to "technical services" in the designation without further elaboration is clearly insufficient.[4]

However, the original designation, which is identical to the Errata (except for the minor name change described above), was filed on June 16, 2014, nearly five months prior to the challenged designation. Thus, USW had notice of the designation for a five-month period without

---

[4]In fact, in its January 20, 2015 reply brief supporting its motion to compel Optimum's compliance with a subpoena *duces tecum*, Tecsys provides additional information concerning its belief that Optimum may be partially responsible for the problems alleged in this case: "Optimum was responsible for maintaining USW's various servers and computers, and TECSYS believes that in at least some instances, USW's access to the server running TECSYS's EliteSeries software was blocked because Optimum made changes to the network infrastructure – adding or removing servers or otherwise changing the network configuration. TECSYS also believes that other crashes and outages that USW attributes to TECSYS in this suit were the result of changes or maintenance operations that Optimum performed incorrectly or not at all, including on USW's EliteSeries server and on its other networked servers, printers, and computers." Docket #69 at 6-7.

objecting to its sufficiency.  More importantly, Tecsys asserts that USW and Optimum have had a "longstanding relationship" with each other; USW does not dispute this characterization.  As such, this is not a case where USW has been blind-sided late in the litigation about the alleged fault of an unknown non-party.  *See Fourhorn v. City & Cnty. of Denver*, No. 08-cv-01693-MSK-KLM, 2008 WL 5423349, at *3 (D. Colo. Dec. 30, 2008).  "Courts from our district have recognized that a designation may be proper if it minimally sets forth 'facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault.'" *Id.* (citing *Jenkins v. FMC Tech., Inc.*, 07-cv-02110-LTB-KMT, 2008 WL 4059861, at *1 (D. Colo. Aug. 29, 2008) (unpublished) (quoting *Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1408-09 (D. Colo. 1993)) and *Baca v. Clark*, No. 06-cv-00714-EWN-PAC, 2007 WL 1964079, at *4 (D. Colo. July 2, 2007) (unpublished) (noting that a notice which complies with the spirit of Colo. Rev. Stat. § 13–21–111.5(3) is sufficient to minimize any prejudice that the designation may cause to plaintiff)).

In sum, given that USW is well aware of Optimum's obligations and the "technical services" provided to it by Optimum and that Tecsys can provide additional factual information, the Court finds amendment of the designation to provide additional facts, rather than striking it from the record, is appropriate in this case.  Of course, nothing in this order prohibits USW from challenging Optimum's liability through a dispositive motion later in the litigation.

## CONCLUSION

Accordingly, for the reasons set forth herein, the Plaintiff's Motion to Strike [Tecsys'] Designation of Non-Parties at Fault [filed December 3, 2014; docket #48] is **denied**.  Tecsys shall file an Amended Designation of Non-Party at Fault in conformance with this order on or before

February 6, 2015.

DATED this 22nd day of January, 2015, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge