**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00778-MEH

UNITED STATES WELDING, INC.,

    Plaintiff,

vs.

TECSYS, INC.,

    Defendant.

**AMENDED DESIGNATION OF NON-PARTY AT FAULT**

Defendant TECSYS, Inc. ("TECSYS") hereby submits this Amended Designation of Non-Party at Fault pursuant to the Court's January 22, 2015 Order (Doc. 72):

**I.  INTRODUCTION**

Plaintiff United States Welding, Inc. ("USW") alleges that TECSYS negligently or fraudulently induced USW to enter into a License Agreement for TECSYS's EliteSeries software platform, that TECSYS thereafter breached the License Agreement intentionally or recklessly by failing to provide software that met USW's business needs and by providing an inexperienced support team, that TECSYS failed to perform its obligations in good faith, and that TECSYS breached a fiduciary duty to USW to act in USW's best interests.  TECSYS denies these allegations.

To the extent USW alleges it was harmed, non-party Optimum Networking, Inc. ("Optimum") is responsible in part or in whole for that harm.  Optimum negligently

performed or failed to perform the services it represented to TECSYS and USW that it would perform and actually and proximately caused USW's claimed damages.

Therefore, in accordance with Colorado law, Colo. Rev. Stat. § 13-21-111.5(3)(b), TECSYS designates non-party Optimum Networking, Inc. as a non-party at fault. On information and belief, Optimum is a Colorado corporation with its principal place of business at 14160 East Evans Avenue, Aurora, CO 80014.

**II.     FACTS**

1.     At some date prior to engaging TECSYS to provide it with a license for TECSYS's EliteSeries software (*see* Exhibit A to Complaint, Doc. 2 [the "License Agreement"]), USW engaged Optimum to provide it with technical support, maintenance, and advisory services.

2.     On information and belief, USW and Optimum's longstanding relationship goes back over many years. USW has placed its trust and confidence in Optimum's ability and commitment to provide technical support, maintenance, and advisory services.

3.     On information and belief, Optimum now holds and has in the past held itself out to the public, to USW, and to TECSYS as having expertise in IT support, software selection and implementation, and network, server, computer, software, and printer maintenance.

4.     For example, on information and belief, before USW and TECSYS were introduced, Optimum's website advertised: "We have the ability to securely monitor all aspects of your network on a minute-by-minute basis. By installing special software on

your network, we can track connectivity, disk usage, data backup, virus software, desktops, and even printers."

5. On information and belief, Optimum identified "Faulty back up procedures," and "Lack of a proactive system maintenance program," as two of the seven leading causes of IT support requests.

6. On information and belief, USW and Optimum have entered into a Managed Service Plan, pursuant to which Optimum was required to "provide file server, desktop, laptop and PDA support," "perform upgrades and troubleshooting," "verify software compliancy on supported systems," configure and maintain backups, file servers, and other network hardware and software on USW's business network.

7. On information and belief, Optimum represented to the world, and to USW, that it could "provide all of your hardware and software needs for a true turnkey solution.  We will research and answer your questions, give you advice on choosing the best products to fit your business and we can even assist you in purchasing the products you select."

8. Optimum representatives were integrally involved in the sales and negotiation process between USW and TECSYS, including attending pre-sale product demonstrations, and were also involved in planning USW's implementation process and the procedures for implementing the EliteSeries software for USW.

9. TECSYS and, on information and belief, USW relied on Optimum's representations throughout the sales and negotiations process, and then thereafter for

equipment and software purchases, installation, implementation, and maintenance in connection with USW's license of certain EliteSeries software modules from TECSYS.

10. On information and belief, as part of USW's license agreement negotiations with TECSYS, and then again thereafter, USW designated Optimum and Optimum accepted USW's designation to act as USW's IT department. For example, Kathy Lofgren (one of USW's owners) represented to TECSYS that "Optimum Networking is, for all intents and purposes, our IT department and will be critical to a migration [to EliteSeries]."

11. On information and belief, before executing the License Agreement, USW "had several discussions with [Optimum] as to what a project of this scope looks like," i.e. implementation and maintenance of the EliteSeries software modules licenses by USW.

12. On information and belief, as part of USW's license agreement negotiations with TECSYS, and then again thereafter, USW and/or Optimum represented and all parties agreed that Optimum would purchase, set up, and maintain all equipment necessary for USW's implementation of the licensed EliteSeries software and for other software that interfaces with USW's implementation of EliteSeries.

13. USW also designated Optimum, and Optimum accepted such appointment, as USW's "technical specialists responsible for system administration of the new applications and computer hardware," which imposed on USW the obligation to ensure "system availability, daily application backups, and the setup/maintenance of user security."

14. Optimum further represented that "Optimum and USW underst[ood] that after the transition from build to test that additional support from Optimum Networking [would] be need[ed] and [Optimum was] all set to provide that." On information and belief, these statements were made with USW's knowledge, consent, or acquiescence.

15. Optimum staff attended TECSYS EliteSeries training at USW's expense and on USW's behalf. The course included training at least in printer setup, troubleshooting, and maintenance; user assistance; locking/unlocking processes; server monitoring (logs, file size, alerts, etc.); rebooting procedures; the LINUX operating system; and other topics.

16. Despite these representations and its voluntary undertakings and obligations, Optimum lacked the requisite expertise to select, install, configure, maintain, or support USW's hardware, software, and network environment.

17. On information and belief, and notwithstanding its representations and voluntary and contractual obligations, Optimum lacked any meaningful expertise in Unix/Linux and Oracle environments.

18. For example, Optimum purchased hardware for USW other than what was recommended by TECSYS. This hardware was not fully compatible with or not properly configured by Optimum to work with USW's licensed EliteSeries software modules or with other software that interfaces with USW's implementation of EliteSeries.

19. By way of further example, on information and belief, Optimum failed to ensure backups completed successfully and at their scheduled intervals, failed to

ensure USW's servers' hard drives were properly partitioned and failed to monitor USW's servers for available disk space.

20. In other instances, on information and belief, Optimum made network configuration and software changes to USW's network and workstations, including, for example, improperly installing antivirus or firewall software such that USW's access to its EliteSeries server was blocked and renaming or re-addressing servers such that workstations on the network could no longer access EliteSeries. These changes to user workstations and other servers not running software licensed, sublicensed, or recommended by TECSYS were under Optimum's exclusive technical control.

21. Optimum also "act[ed] as the first line of support for TECSYS' system (EliteSeries)." Yet, on information and belief, Optimum failed entirely to inform TECSYS of some alleged problems or reported them only after significant delay, failed to provide sufficient detail about what troubleshooting steps had been taken, failed to perform standard troubleshooting procedures, or failed respond to TECSYS's communications.

22. On information and belief, further discovery will demonstrate that Optimum contributed to or caused other harms that USW alleges it suffered.

23. As a direct and foreseeable result of Optimum's failures to meet its obligations, and as a result of its incompetence in the performance of its voluntary and contractual undertakings, USW's EliteSeries server and related servers were made inaccessible to USW at least on those dates identified in USW's Complaint. Also as a direct and foreseeable result, problems that USW alleges it faced could have been remedied more quickly or prevented entirely.

24. As a direct and foreseeable result of Optimum's failure to meet its obligations, and as a result of its incompetence in the performance of its voluntary undertakings, TECSYS was required to take on additional IT tasks that were not contemplated by the parties at the time of and prior to execution of the License Agreement to ensure USW's systems availability.

25. To the extent USW alleges it was harmed by systems unavailability or by other problems with the implementation, maintenance, or use of TECSYS's EliteSeries software, USW's damages were caused in part or in whole by Optimum.

26. To the extent USW alleges it relied to its detriment on representations made by TECSYS about the requisite level of customer involvement, technical staffing requirements, or suitability for USW's business of TECSYS's EliteSeries software, Optimum had a duty as USW's IT staff to inquire with TECSYS about those representations, to seek to clarify and to correct any misunderstandings or representations that a person of reasonable technical skill would not have justifiably or reasonably relied on, and to advise USW about the same. Optimum beached that duty by failing to do so.

27. Optimum negligently, recklessly, or intentionally made false or misleading representations to TECSYS and/or USW or withheld material information from TECSYS and/or USW about its expertise and ability to provide IT installation, maintenance, support, and advisory services to USW in connection with the EliteSeries software implementation with the intent, actual or constructive knowledge, and/or with the

reasonably foreseeable outcome that USW and/or TECSYS would rely on those representations or omissions to USW's detriment.

28. Optimum owed a duty to USW to perform IT installation, maintenance, support, and advisory services with the utmost care and with a level of expertise at least consonant with its representations and consistent with the level of skill of IT technicians experienced in the administration of servers and network environments utilitizing Microsoft, Unix/Linux, and Oracle platforms.

29. To the extent TECSYS owed USW any duty, Optimum's duty was intertwined with TECSYS's duty.

30. Optimum breached its duty to USW by failing to provide or negligently providing IT installation, maintenance, support, and advisory services, by failing to act in USW's best interests, and by failing to perform in good faith or in the utmost good faith its duties to USW under its agreements with USW and in accordance with the responsibilities allocated to Optimum under the License Agreement and related documents.

31. The harm USW alleges to have suffered was caused in part or in whole by Optimum as a foreseeable, proximate, and direct result of Optimum's negligent, reckless, or intentional conduct.

Dated: February 5, 2015.

        Respectfully submitted,

        s/ Benjamin N. Simler
        Holland & Hart llp
        Post Office Box 8749
        Denver, CO 80201-8749
        Phone: (303) 295-8419
        Fax: (303) 975-5341
        BNSimler@hollandhart.com

        Christopher H. Toll P.C.
        Holland & Hart llp
        6380 S. Fiddlers Green Circle
        Suite 500
        Greenwood Village, CO 80111
        Phone: (303) 290-1637
        Fax: (303) 975-5300
        ctoll@hollandhart.com

        Attorneys For Defendant
        TECSYS, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2015, I caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Marcus Stephen Harris (counsel for Plaintiff) – mharris@mshtechlaw.com
    Peter Ordower (counsel for Plaintiff) – po@chicagolawsuits.com

                                                  s/ Benjamin N. Simler
                                                  Benjamin N. Simler

7492822_1