**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00778-REB-MEH

UNITED STATES WELDING, INC.,

      Plaintiff,

v.

TECSYS, INC.,

      Defendant.

---

## AMENDED STIPULATED PROTECTIVE ORDER

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment hereunder.

      The terms of this Order are not to be used to undermine prosecuting this litigation.

**1.**    <u>**Definitions**</u>

      "**Attorneys**" means outside counsel for a Party, including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any

other employees or independent contractors operating under outside counsel's instruction to whom it is reasonably necessary to disclose the information for this litigation.

"**Discovery Material**" means all items or information from any Party or non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

"**Independent Experts or Consultants**" means individuals retained by a Party for purposes related to prosecution or defense of the proceeding but who are not otherwise employees or agents of either the party or its Attorneys, including mock jurors.

"**Party**" means a party to this case, including the officers, directors, partners, and employees of Plaintiff and Defendant.

"**Producing Party**" means a person that discloses or produces Discovery Material in this case.

"**Protected Information**" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY'S EYES ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE," as provided for in this Protective Order.

"**Receiving Party**" means a person receives Discovery Material from a Producing Party.

"**Source Code**" means the un-compiled, human readable computer code that constitutes a Producing Party's trade secret.

2.   <u>**Classes of Protected Information**</u>.

When appropriate, a Producing Party, on its own or through its attorneys, may seek to protect the confidentiality of Discovery Materials produced in this case by labeling it under one of the following three categories when the Producing Party has a good faith belief that such a designation is appropriate, and using the least restrictive designation appropriate under the circumstances:

"**CONFIDENTIAL**" information includes all material to be shielded from public access that a Producing Party considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information.

"**CONFIDENTIAL - ATTORNEY'S EYES ONLY**" information includes all material to be shielded from public access and from disclosure to a Party or to another person, if that information could reasonably be expected to work a competitive harm on the designating party, including information that constitutes (a) trade secrets, pricing, marketing, financial, sales, testing, research and development, or technical, data or information and other non-public information of similar competitive and business sensitivity; (b) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current confidentiality or Nondisclosure Agreement ("NDA"); (c) information or data relating to strategic plans; and, (d) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause  harm to the competitive position of the

Producing Party. If a Producing Party designates Discovery Material as "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL," that Discovery Material shall be treated as if it had been designated CONFIDENTIAL – ATTORNEY'S EYES ONLY.

"**RESTRICTED CONFIDENTIAL - SOURCE CODE**" includes information that constitutes Source Code.  In addition to the protections afforded to this information generally by this Order, Discovery Material designated **RESTRICTED CONFIDENTIAL - SOURCE CODE** is subject to the further protections of Section 13, below.

2.    **Information Not to Be Designated as Protected.**

Information may not be treated as Protected Information if it:

(a) is or becomes public knowledge, as shown by publicly available writings, other than through violation of the terms of this order;

(b) is acquired by a Receiving Party from a third party lawfully possessing such information and having no obligation of confidentiality to the owner of the information;

(c) was rightfully possessed by a Receiving Party prior to the opening of discovery in this proceeding without obligation of confidentiality, and for which there is written evidence of such rightful possession;

(d) is publicly disclosed by a Receiving Party legally compelled to disclose the information; or

(e) is disclosed without restriction by a Receiving Party with the prior written approval of the Producing Party or other designating party.

Notwithstanding the foregoing, any information disclosed under this Order that is already in the possession of a Receiving Party and  is already subject to an obligation of confidentiality shall remain subject to that obligation of confidentiality.

3.    **Access to Protected Information.**

The provisions of this Order regarding access to protected information are subject to modification by motion filed with and approved by the Court.  All Producing Parties whose interests may be affected shall be afforded an opportunity to object to any modifications of this Order.

Independent Experts or Consultants who have executed the Acknowledgement attached as Exhibit A to this Order, Receiving Parties, and their Attorneys may have access to information designated as CONFIDENTIAL.

Attorneys may have access to information designated as CONFIDENTIAL – ATTORNEY'S EYES ONLY and RESTRICTED CONFIDENTIAL - SOURCE CODE.

In addition, Protected Information, may be disclosed to an individual likely to have prior independent knowledge of its contents, subject either to: (1) any pre-existing confidentiality obligations that individual has with with respect to the Protected Information, but only if and to the extent such pre-existing confidentiality obligations still exist and are valid and enforceable at the time of the dislosure of Protected Information to that individual; or (2) that individual's execution of the Acknolwegdement attached to this Order as Exhibit A.

4.    **Disclosure to Any Individual.**

Other than as described in this Amended Protective Order, no Receiving Party or other authorized person under this Order may disclose Protected Information to any other person, except pursuant to the prior written consent of the Producing Party or pursuant to a valid court order.

Prior to making any permitted disclosures in accordance with this Order, a Receiving Party or other authorized person shall inform the individual to whom disclosure is to be made of the existence of this Order and shall provide that individual with a copy of this Order to read. All individuals to whom disclosure of Protected Information is sought to be made must read and understand this Order and agree to be bound by its terms.  No individual required by this Order to execute a certification in the form of Exhibit A shall receive any Protected Information until the person proposing to disclose the Protected Information has received a signed certification from the individual. The disclosing person shall retain the original or a copy of the signed certification.

5.    **Responses to Written Discovery.**

Responses to interrogatories under Federal Rule 33 and to requests for admissions under Federal Rule 36 that the responding party reasonably believes contain Protected Information shall be prominently stamped or marked with the appropriate designation.  Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all affected persons, in writing, of the error.

6.    **Production of Documents.**

If a Producing Party responds to requests for production under Federal Rule 34 or 45 by making copies and forwarding the copies to the inquiring party, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation. If the Producing Party makes documents available for inspection and copying by the inquiring party, all documents other than Source Code shall be considered CONFIDENTIAL – ATTORNEY'S EYES ONLY during the course of inspection, except that Source Code shall be treated as set forth in Section 13. After the Receiving Party informs the Producing Party what documents are to be copied, the Producing Party will be responsible for prominently stamping or marking each copy with an appropriate designation. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the Producing Party learns of its error, by informing the Receiving Party, in writing, of the error.

7.    **Depositions.**

During discussion of any documentary or non-documentary Protected Information during a deposition, any interested Party or non-party may make oral note on the record of the protected nature of the information.

The transcript of any deposition and all exhibits or attachments shall be considered CONFIDENTIAL for 30 days following the date of service of the transcript by the Party that took the deposition.  During the 30-day period, or on the record during the course of the deposition, a Party or other interested person may designate portions of the transcript, and any exhibits or attachments thereto, as Protected Information by

informing the Parties and the court reporter or stenographer of the appropriate designation.

8.   **Handling of Protected Information.**

Disclosure of information protected under the terms of this Order is intended only to facilitate the prosecution or defense of this case.   The recipient of any Protected Information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using or disseminating the information.

9.   **Redaction; Filing Material With the Court.**

When a party or attorney must file a document containing Protected Information with the Court, but the Protected Information is not necessary to the issues presented to the Court, the Protected Information should be redacted if feasible.   At least two business days before filing any such document with the Court, the filing party must seek the Producing Party's approval with respect to the propriety and sufficiency of the redactions, which approval shall not be unreasonably withheld.

When a Party files a motion, brief, memorandum, or other document with the Court containing Protected Information that is necessary to resolution of the issues presented to the Court, the document containing such Protected Information shall be filed as a restricted document, and an accompanying motion to restrict access (Level 1) shall be filed in accordance with Local Rule 7.2.

**10.    Acceptance of Information; Inadvertent Disclosure.**

Acceptance by a party or its attorney of information disclosed under designation as Protected Information shall not constitute an admission that the information is, in fact, Protected Information.  Inadvertent disclosure of information which the disclosing party intended to designate as Protected Information shall not waive any right to claim the information as protected upon discovery of the error.

A Producing Party that inadvertently discloses privileged information or information subject to work-product protections may request in writing that the Receiving Party destroy all copies of the inadvertently disclosed information. Within five business days of such request, the Receiving Party and its Attorneys must destroy all such information in their possession and must similarly request that any other person to whom the Receiving Party or Attorney provided the information also destroy all such information and must certify its compliance with this paragraph. If the Receiving Party disagrees as to whether the information is privileged information or information subject to work product protections, the Producing Party and Receiving Party must confer in good faith in an attempt to resolve the dispute. If the Producing Party and Receiving Party are unable to resolve their dispute, the Receiving Party may file a motion with the Court challenging the assertion of the privilege; in such case, the Receiving Party may retain the information until such time as the Court enters a ruling determining whether the information is subject to a valid privilege or work product protection.

11.   **Challenges to Designations of Information Designated as Protected Information.**

A Party may object to the designation of Protected Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection by mutual agreement within ten (10) business days after the time the written notice is received, it is the obligation of the Party designating the information as "Protected" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as "Protected" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Protected" and shall not thereafter be treated as "Protected" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "Protected" shall bear the burden of establishing that good cause exists for the disputed information to be treated as Protected Information.

12.   **Other Rights.**

This Order shall not preclude the Parties, Attorneys, or other Producing Parties from making any applicable claims of privilege during discovery or at trial.  Nor shall the Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

13.    **Additional Source Code Protections**.

The following provisions apply to Discovery Material designated as RESTRICTED CONFIDENTIAL - SOURCE CODE.

A Party seeking production of Source Code must make specific requests for such information. Discovery Material designated as RESTRICTED CONFIDENTIAL - SOURCE CODE shall be made available for inspection, and produced only as provided in this Section 13.

Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE will be made available for inspection by the Producing Party's Attorneys at their offices or at a location mutually agreed upon by the Receiving and Producing Parties. The Producing Party's Attorney's will  load such Discovery Material in a format suitable for review (as mutually agreed upon by the Receiving and Producing Parties) on a single, non-networked computer that is password protected and maintained in a secure, locked area. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the RESTRICTED CONFIDENTIAL - SOURCE CODE, other than as may be agreed.  All persons entering the locked room containing the RESTRICTED CONFIDENTIAL - SOURCE CODE must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.   The computer containing RESTRICTED CONFIDENTIAL - SOURCE CODE will be made available for inspection

during regular business hours, upon reasonable notice to the Producing Party, which shall not be less than five business days in advance of the initial requested inspection and not less than two business days in advance of subsequent inspection.

The Producing Party shall cooperate in good faith with and assist the Receiving Party with any technical issues that may arise in reviewing the RESTRICTED CONFIDENTIAL - SOURCE CODE. The Producing Party shall attempt in good faith to remedy any hardware, software or other technical problems that are experienced by the Receiving Party during inspection.

The Receiving Party may request that commercially available licensed software tools for viewing, searching, annotating, numbering lines, and labeling pages of RESTRICTED CONFIDENTIAL - SOURCE CODE be installed on the secured computer.   The Receiving Party must provide the Producing Party with the CD or DVD containing such software tool(s) at least two business days in advance of the inspection. Should the request include software with functionality in addition to the functionality described in this paragraph, the Producing Party may decline to load the software tool(s) but must provide a software tool that includes the functionality described in this paragraph.

The Receiving Party's Attorneys shall be entitled to take notes during inspection, but may not copy any portion of the RESTRICTED CONFIDENTIAL - SOURCE CODE into such notes. No copies of all or any portion of the RESTRICTED CONFIDENTIAL - SOURCE CODE may leave the room in which the Source Code is inspected except as otherwise provided in this Section 13.  Further, no other written or electronic record of

RESTRICTED CONFIDENTIAL - SOURCE CODE is permitted except as otherwise provided in this Section 13.

No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any RESTRICTED CONFIDENTIAL - SOURCE CODE, except that the Receiving Party may request a reasonable number of pages of RESTRICTED CONFIDENTIAL - SOURCE CODE to be printed by the Producing Partyfor use as an exhibit at deposition or trial.

The Receiving Party will not copy, remove, or otherwise transfer any portion of the Discovery Material designated as RESTRICTED CONFIDENTIAL - SOURCE CODE from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the RESTRICTED CONFIDENTIAL - SOURCE CODE onto any other computers or peripheral equipment during inspection.

In no event may the Receiving Party request to have printed more than 50 consecutive pages, or an aggregate total of more than 500 pages, of RESTRICTED CONFIDENTIAL - SOURCE CODE during the duration of the case without prior written approval by the Producing Party, which approval shall not be unreasonably withheld. Should the Receiving Party request more than 50 consecutive pages or more than 500 total pages of RESTRICTED CONFIDENTIAL - SOURCE CODE be printed, the Producing Party and Receiving Party shall meet and confer in good faith within five business days of such a request to reach a compromise.  During any such meet and confer the Receiving Party shall bear the burden of showing its need for the additional pages of printed RESTRICTED CONFIDENTIAL - SOURCE CODE and the Producing

Party will not unreasonably deny such a request.  Within five business days or such additional time as is reasonably necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE." The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Producing Party shall be entitled, but not required, to seek a Court resolution of whether the printed portions in question are reasonably necessary to any case preparation activity.  Contested printouts need not be produced to the Requesting Party until the matter is resolved by the Court.

Notwithstanding anything to the contrary in this Section 13, the Receiving Party may make up to two additional copies of any printed pages.  If the Receiving Party believes that more than two additional copies of any printed page is needed, the Receiving Party may, on a case-by-case basis, request the Producing Party's written consent to make an additional copy or copies by providing a specific reason for the request, and the Producing Party will not unreasonably deny such a request.  Should there be any dispute regarding such request, the Producing Party and Receiving Party shall meet and confer in good faith to reach a compromise.  If the parties are unable to

reach an agreement, counsel shall arrange a conference call with the Court to resolve the dispute.

Any printed pages of Source Code, and any other documents or things constituting or containing Source Code that have been designated by the Producing Party as "RESTRICTED CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

Any paper copies designated "RESTRICTED CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of Attorneys for the Receiving Party; (ii) the site where any deposition is taken (iii) the Court; or (iv) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a secure, locked location.

Court reporters and/or videographers shall not retain or be given copies of any portions of Discovery Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE.  If any such Discovery Material is used during a deposition, the deposition record will identify the exhibit by its production numbers. Persons authorized to view RESTRICTED CONFIDENTIAL - SOURCE CODE Discovery Material shall not retain or be given copies of RESTRICTED CONFIDENTIAL - SOURCE CODE Discovery Material used at a deposition except while so testifying.

The Receiving Party's Attorneys shall maintain a log of all copies of the RESTRICTED CONFIDENTIAL - SOURCE CODE Discovery Material (received from a Producing Party). The log shall include the names of the recipients and reviewers of

copies and locations where the copies are stored.   Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of Discovery Material designated as RESTRICTED CONFIDENTIAL - SOURCE CODE.

Except as provided in this Section 13, a Receiving Party may not create electronic images, or any other images, of the RESTRICTED CONFIDENTIAL - SOURCE CODE from the paper copy for use on a computer  (e.g., may not scan the Source Code to a PDF, or photograph the Source Code).   Notwithstanding the foregoing, the Receiving Party may attach a hard copy of limited excerpts of Discovery Materials designated as RESTRICTED CONFIDENTIAL - SOURCE CODE only to the extent necessary in a pleading, exhibit, discovery document, deposition transcript, other Court document, or any drafts of these documents.   The Receiving Party shall only attach such excerpts as are reasonably necessary for the purposes for which such part of the RESTRICTED CONFIDENTIAL - SOURCE CODE is used.

Images   or   copies   of   Discovery   Material   designated   RESTRICTED CONFIDENTIAL - SOURCE CODE shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.   The communication and/or disclosure of pleadings and other papers containing any portion of Discovery Material designated as RESTRICTED CONFIDENTIAL - SOURCE CODE shall at all times be limited to individuals who are authorized to see Source Code under

the provisions of this Protective Order.  The Receiving Party's Attorneys shall maintain a log of all paper copies of Discovery Material designated as RESTRICTED CONFIDENTIAL - SOURCE CODE in their possession, including the names of the recipients and reviewers of anycopies and the locations where the copies are stored.

To the extent portions of Discovery Material designated as RESTRICTED CONFIDENTIAL - SOURCE CODE are quoted in a document, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE.

Each Party receiving RESTRICTED CONFIDENTIAL - SOURCE CODE Discovery Material shall comply with all applicable export control statutes and regulations.  *See, e.g.*, 15 CFR 734.2(b).

**14.    Confidential Materials After Judgment.**

By jointly submitting and signing this Protective Order, the Parties agree that the provisions of this Protective Order shall remain binding after the date of entry of judgment and be subject to enforcement in a court of competent jurisdiction, unless stipulated otherwise by the Parties.

Within 60 days after the conclusion of this action (including appeals), a Receiving Party (including its Attorneys and Independent Experts or Consultants) shall destroy all Protected Information received from a Producing Party in its possession. Notwithstanding the foregoing, Attorneys shall be permitted to retain such Protected Information as may be incorporated into their work product.

**15.** **Non-Party Rights Under This Protective Order.**

A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any other Producing Party in this case.

**16.** **Service of Order on Non-Parties.**

Any Party serving a subpoena pursuant to Federal Rule of Civil Procedure 45 on any non-party shall transmit a copy of this Order along with the subpoena or within a reasonable period of time following service of the subpoena.

Dated this 13th day of April, 2015, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**So Stipulated:**

**United States Welding, Inc., by its attorneys,**

 _/s/ Marcus S. Harris_          Dated: <u>April 10, 2015</u>

**TECSYS, Inc. , by its attorneys,**

 _/s/ Benjamin N. Simler_        Dated: <u>April 10, 2015</u>

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00778-REB-MEH

UNITED STATES WELDING, INC.,

  Plaintiff,

vs.

TECSYS, INC.,

  Defendant.

---

**AMENDED STIPULATED PROTECTIVE ORDER**

---

**ACKNOWLEDGEMENT**

I, _____, declare that I have been provided with a copy of the Amended Stipulated Protective Order regarding the disclosure of, and protection of, certain types of information and documents during and after the above-captioned case.

I have read the Order and understand its terms and provisions, to which I agree to be bound. Specifically, I agree to hold in confidence any information or documents designated as Protected Information and disclosed to me in conjunction with any part I take in this proceeding.

I agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the limited purpose of its enforcement of this acknowledgement and the Amended Stipulated Protective Order.


_____
Signature


_____
Date

19