IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00778-REB-MEH

UNITED STATES WELDING, INC., a Colorado corporation,

    Plaintiff,

v.

TECSYS, INC., a Canadian corporation,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion to Strike Defendant Tecsys, Inc.'s Affirmative Defenses [filed April 21, 2015; docket #94]. The motion is fully briefed, and the Court finds oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the motion is **granted in part and denied in part**.

## BACKGROUND

Plaintiff United States Welding, Inc. ("USW") initiated this action against Defendant Tecsys, Inc. ("Tecsys") on March 17, 2014. (Docket #2.) USW alleges generally that it licensed faulty "EliteSeries" financial management software from TECSYS, that it only entered into the License Agreement because TECSYS intentionally or negligently misrepresented the capabilities and functionality of its EliteSeries software, and that TECSYS failed to perform its support obligations under the License Agreement. Based on these allegations, USW brings the following claims: (1) fraudulent inducement; (2) negligent misrepresentation; (3) gross negligence; (4) willful misconduct; (5) breach of contract; (6) breach of express and implied warranty; (7) breach of the duty of good

faith and fair dealing, and (8) breach of fiduciary duty. USW seeks compensatory and punitive damages, together with pre- and post-judgment interest, costs and attorney's fees.

On May 9, 2014, in response to the Complaint, Tecsys filed a Motion to Dismiss pursuant to Rule 12(b)(2), 12(b)(5), and 12(b)(6), requesting that USW's Complaint be dismissed in part with prejudice and in remaining part without prejudice; alternatively, Defendant requested that the Court quash service of the summons, and that the Court strike the Complaint's demand for punitive damages pursuant to Rule 12(f). (Docket #14.) On July 9, 2014, this Court issued a recommendation that the Motion to Dismiss be granted in part pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process and denied the motion without prejudice as to Defendant's remaining arguments. (Docket #29.) Since that time, USW again attempted and effected service of process; accordingly, the District Court adopted the Court's recommendation and quashed the original service. (Docket #44.)

On September 5, 2014, Tecsys filed a Renewed Motion to Dismiss informing the Court that "with the exception of the reservation noted in Note 1 above [service effected outside deadline set in Fed. R. Civ. P. 4(m)], Tecsys does not challenge the validity of that service,"[1] and asked that the Court rule on the remaining Rule 12(b)(6) arguments. Motion, docket #32 at 2 n.2. After full briefing on the motion, this Court issued a Report and Recommendation on December 1, 2014, that the motion be granted in part and denied in part. (Docket #47.) The recommendation and motion to dismiss remain pending before the District Court.

On January 22, 2015, this Court granted Plaintiff's motion for extension of the discovery

---

[1] Notably, in its recommendation on the original motion to dismiss, this Court requested that the District Court grant an extension of the Rule 4(m) deadline to allow USW to effect proper service upon Tecsys. (Docket #29 at 7.)

deadlines (docket #71), and discovery has proceeded since that time. On April 10, 2015, Plaintiff filed a motion to compel Defendant's answer to the operative pleading; with its response to the motion, Defendant filed an Answer. Dockets ## 86, 89, 90. Thereafter, Plaintiff filed the present motion seeking to strike all 25 of the Defendant's affirmative defenses, arguing they are insufficient. Defendant counters that Plaintiff's motion is premature, as the answer is not yet due; alternatively, Defendant argues that its affirmative defenses, as pled, are sufficient because facts need not be alleged in support of affirmative defenses. Plaintiff replies that Defendant's "laundry list" of defenses, without factual support, fails to provide Plaintiff notice of defenses actually applicable to this case.

## DISCUSSION

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Smuggler-Durant Min. Corp.*, 822 F. Supp. 873, 875 (D. Colo. 1993)). However, striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. *Id.*; *see also* 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"A motion to strike an affirmative defense as insufficient is adjudicated under the same

standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances." *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) (citing *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995)). In *Michaud v. Greenberg & Sada, P.C.*, No. 11-cv-01015-RPM-MEH, 2011 WL 2885952 (D. Colo. July 18, 2011), this Court found the standard articulated in *Nacchio/Unger* continues to be the appropriate standard, that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that, the defense cannot succeed under any circumstance. *Id.* at *4; *see also Quick v. Grand Junction Lodging, LLC*, No. 13-cv-02917-RBJ, 2014 WL 7205417, at *2 n.2 (D. Colo. Dec. 18, 2014) (listing cases).

USW asks the Court to deviate from this holding and find that the same standard applied to an analysis under Fed. R. Civ. P. 8(a)(2) for complaints – that is, the *Iqbal/Twombly* standard[2] – be applied to an analysis under Fed. R. Civ. P. 8(b)(1)(A) for defenses. However, the Court need not decide this issue. The Court finds that, even under the *Nacchio/Unger* standard, Tecsys' stated affirmative defenses fail.[3]

Rule 8(b)(1)(A) requires that, in responding to a pleading, a party must state in short and plain terms its defense to each claim asserted against it. Fed. R. Civ. P. 8(b)(1)(A). Unlike Rule 8(a)(2), Rule 8(b)(1)(A) does not include a requirement that the pleading "sho[w] that the pleader

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[3] Tecsys argues that, since it is not yet required to file an Answer in light of the pending motion to dismiss, the present motion is premature. The Court is not persuaded; although its motives may have been to "assist" USW with its discovery, Tecsys chose to, and did, file an Answer in this case.

is entitled to relief." However, the defenses must be stated so as to give notice to a claimant, "who can then use the discovery process to investigate more fully the factual basis supporting the defense." *Michaud*, 2011 WL 2885952, at *4 (citing *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09–cv–02870–LTB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) and *Cagle v. The James St. Grp.*, 400 F. App'x 348, 355 (10th Cir. 2010)).

In this case, Tecsys has simply listed 25 one-sentence defenses in which the majority refer to "one or more" of USW's claims. *See* docket #89 at 14-15. These listed defenses do nothing to give USW notice of which claim Tecsys intends each defense to be applied. Fed. R. Civ. P. 8(b)(1)(A) ("state in short and plain terms its defenses *to each claim asserted against it*") (emphasis added). Certainly, "permitting bare-bones submissions would allow parties simply to bombard their opponent with a laundry list of affirmative defenses without making any individualized inquiry into whether a particular defense actually applies to the facts of the case. ... [I]t seems to serve no purpose except to reserve defendants' rights to the maximum extent possible." *Ivanov v. Nyhus*, No. 14-cv-382-JDP, 2014 WL 5307936, at*3 (W.D. Wis. Oct. 16, 2014) (citation and internal quotations omitted).

Accordingly, the Court will strike Tecsys' affirmative defenses set forth in its April 13, 2015 Answer to the Complaint, but permit Tecsys leave to re-plead in accordance with the federal rules and this order.

## **CONCLUSION**

For the reasons set forth herein, the Plaintiff's Motion to Strike Defendant Tecsys, Inc.'s Affirmative Defenses [filed April 21, 2015; docket #94] is **granted** with leave to re-plead. The affirmative defenses set forth in Tecsys' April 13, 2015 Answer to the Complaint [docket #89] are

stricken.  Tecsys shall file an Amended Answer in conformance with the federal rules and this order on or before June 19, 2015.

DATED this 4th day of June, 2015, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge