IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00778-REB-MEH

UNITED STATES WELDING, INC.,

    Plaintiff,

vs.

TECSYS, INC.,

    Defendant.

**MOTION TO EXCLUDE PORTIONS OF ERIC KIMBERLING'S EXPERT REPORT**

In accordance with the Court's Trial Preparation Conference Order (Doc. 75 at 1.b.-1.c.), Defendant TECSYS, Inc. ("TECSYS") hereby moves to exclude certain opinions expressed in Eric Kimberling's Expert Report (the "Report") (Doc. 103) under Federal Rules of Evidence 403 and 702-704. The opinions TECSYS moves to exclude are not based on any particular expertise, improperly invade the province of the jury, and are both misleading and not helpful to the jury. Kimberling's opinions should be limited to the permissible scope he acknowledged in his Report: whether TECSYS met industry standards in implementing its EliteSeries software for Plaintiff United States Welding, Inc. ("USW").

**CERTIFICATE OF COMPLIANCE**

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for TECSYS conferred by telephone with counsel for USW on June 16, 2015 and June 17, 2015 and by e-mail on June 15 and June 17, 2015. USW opposes this motion.

**INTRODUCTION AND BACKGROUND**

This case concerns a dispute over software USW licensed from TECSYS that allegedly did not meet USW's expectations. Specifically, in April 2010, USW and TECSYS entered into a License Agreement for TECSYS's EliteSeries software. (Compl., Doc. 2 ¶ 11 & Ex. A). Nearly six years after negotiations began and four years after execution of the License Agreement, USW commenced this lawsuit. (*See generally* Compl.). In its Complaint, USW asserts eight causes of action against TECSYS: fraudulent inducement, negligent misrepresentation, gross negligence, willful misconduct, breach of contract, breach of express and implied warranty, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. (*Id.* at ¶¶ 43-113).

In support of its claims, USW proffers the expert testimony of Eric Kimberling of enterprise resource planning ("ERP") consulting firm Panorama Consulting Solutions. Kimberling purports to be a leading expert in the international ERP and enterprise systems market. (Report at 9-11; App'x to Report, at 32-36). He seeks to opine on whether TECSYS followed industry standards and best practices in performing the implementation of EliteSeries. (Report at 7-8, 10). He specifically disclaims that he is qualified to present any "legal opinion" or that he proposes to "make any legal determinations." (*Id.* at 7). Nevertheless, he does so consistently throughout his Report, opinion on the meaning of the terms of the parties' contractual agreement, TECSYS's and USW's subjective states of mind, and whether certain actions were fraudulent, negligent, or constitute a breach of contract.

At this time, TECSYS does not challenge Kimberling's qualifications or methodologies with respect to ERP software selection and implementation in general. However, TECSYS does challenge some of the opinions set forth in the Report. Specifically, TECSYS seeks to exclude those opinions that improperly invade the province of the jury by making legal conclusions or that state or imply TECSYS's or USW's subjective state of mind, and those that are not based on Mr. Kimberling's particular expertise, including opinions like the following:

- "TECSYS was also negligent in that it failed to perform its due diligence on the proper requirements and functionality of the software, resulting in delays, additional costs, and serious systems issues causing irreparable harm." (*Id.* at 13).

- "Of all actions and communications reflecting fraud by TECSYS . . ." (*Id.* at 15).

- "TECSYS miscommunicated in multiple ways during the sales process with US WELDING, resulting in behavior reflective of fraud and misrepresentation." (*Id.* at 17).

- "TECSYS agreed to go live with the system knowing fully well that it did not implement acceptance testing by US WELDING." (*Id.* at 23).

- "The fact that TECSYS recommended going live without the completion roles is a further indication that TECSYS knew the system was incomplete and not ready for production." (*Id.* at 24).

- "TECSYS did not effectively perform this maintenance per agreed, clearly demonstrating a breach of contract." (*Id.* at 25).
- "US WELDING relied entirely on TECSYS's stated expertise to their detriment." (*Id.* at 26).
- "US WELDING relied on TECSYS's reassurances that the project would be successfully completed." (*Id.*).
- "Clearly, TECSYS did not provide the project oversight that would be reasonably expected by US WELDING." (*Id.* at 27).
- "US WELDING was misled in the TECSYS sales process . . ." (*Id.* at 29).
- "TECSYS was misleading in their sales process regarding functionality in the gas and welding industry vertical. TECSYS also misled US WELDING regarding the ecommerce, customer portal and business intelligence tools." (*Id.* at 30).

## LEGAL STANDARD

"[S]cientific, technical, or other specialized knowledge" may be admissible if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Acting as a "gatekeeper," the Court must "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *see also U.S. v. Avitia-Guillen*, 680 F.3d 1253, 1256 (10th Cir. 2012).

Performing the "gatekeeper" analysis requires two steps. First, the "District Court must [] determine whether the expert is qualified 'by knowledge, skill, experience,

training, or education to render an opinion.'" *Avitia-Guillen*, 680 F.3d at 1256 (quoting *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009)). Second, if the expert is sufficiently qualified, then the Court "'must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony.'" *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013) (quoting *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006)). Reliability requires that the testimony be based on more than a subjective belief or unsupported speculation. *Daubert*, 509 U.S. at 590.

The proponent of expert testimony bears the burden of showing that the testimony is admissible. *Nacchio*, 555 F.3d at 1238. "The 'touchstone' of admissibility of expert testimony is its helpfulness to the trier of fact." *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002). To be helpful, the expert testimony must be the proper subject of expert testimony, be within the expert's area of competence, and not usurp the jury function or constitute a conclusion of law. *See, e.g., Rodriguez-Felix*, 450 F.3d at 1123. . Because of the "special dangers to the fact-finding process" posed by expert testimony, district courts must exclude such testimony "unless they are convinced that it speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury." *In re Breast Implant*, 11 F. Supp. 2d 1217, 1223 (D. Colo. 1998).

In sum, Kimberling's impermissible opinions are based on mere regurgitation of USW's allegations, are improper, and should be excluded. *See Pritchett v. i-Flow Corp.*, No. 09-cv-2433, 2012 WL 1059948, *6 (D. Colo. Mar. 28, 2012) (finding expert's testimony to be neither relevant nor reliable under Daubert and Rule 702 where expert

"(1) regurgitate[d] factual information that [was] better presented directly to the jury … ; (2) described [defendant's] state of mind; and (3) state[d] legal conclusions using legal terminology.").

## ARGUMENT

### I. Kimberling Should Be Precluded from Offering Opinions that Amount to Legal Conclusions

Expert testimony that "merely tells the jury what result they should reach or testimony phrased in 'inadequately explored legal criteria … is often excluded on the grounds that it states a legal conclusion, usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law." *United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993); *see also Braudrick v. Wuest*, No. 09-cv-1150, 2011 WL 7025294, *2 (W.D. Okla. Jan. 27, 2011) (prohibiting expert testimony "as to any legal conclusions"); *Hygh v. Jacobs*, 961 F.2d 359, 363-64 (2d Cir. 1992) (holding improper expert's testimony that defendant's actions were "unjustified under the circumstances," "unwarranted" and "totally improper"). "All of these rationales define evidence which is not helpful to the jury." *Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 476 (D. Kan. 2001).

In the Report, Kimberling offers several opinions that are nothing more than impermissible legal conclusions. "While an expert may provide an opinion to help a judge or jury understand a particular fact, he may not give testimony stating ultimate legal conclusions based on those facts." *U.S. ex rel. Maxwell v. Kerr-McGee Chemical Worldwide, LLC*, No. 04-cv-1224, 2006 WL 2053534, *3 (D. Colo. July 21, 2006) (quotation omitted)). Kimberling's legal conclusions are improper even if he arrived at

6

those conclusions by applying the facts of this case to the applicable law. *See Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998) ("An expert may not … state legal conclusions drawn by applying the law to the facts.") (citation omitted). These types of opinions should be excluded.

### A. <u>Opinions that TECSYS "Was Negligent"</u>

First, Kimberling opines that TECSYS "*was [] negligent* in that it failed to perform its due diligence on the proper requirements and functionality of the software…" (Report at 16). This opinion does not inform the jury of the relevant standard of care or whether TECSYS's actions did or did not meet that standard. Whether TECSYS was negligent is a legal conclusion, and Kimberling's opinion unhelpfully does nothing more than tell the jury what result it should reach. The Court should preclude Kimberling from testifying in these and similar terms or phrases of legal significance. *See Beavers v. Victorian*, No. 11-cv-1442, 2014 WL 1338120, *5 (W.D. Okla. Apr. 2, 2014) (finding not helpful to jury expert's opinion that errors committed by defendant amounted to "negligence" or "gross negligence," and prohibiting expert from testifying "in terms that have legal meanings."); *In re Rezulin*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) (expert's opinion that conduct constituted "negligence" was excluded because it "impermissibly embrace[d] a legal conclusion.").

### B. <u>Opinions that TECSYS "Committed Fraud" or Made "Misrepresentations"</u>

Kimberling also opines that TECSYS committed fraud and misrepresentation, stating: "Although slight exaggeration may be expected of any sales process, TECSYS miscommunicated in multiple ways during the sales process with US WELDING

*resulting in behavior reflective of fraud and misrepresentation*." (Report at 17). Kimberling goes on to state that, "[o]f all actions and communications *reflecting fraud* by TECSYS, a key selling point for TECSYS was the commitment they made to US WELDING that US WELDING resources will not be required to support the project activities in implementation." (*Id.* at 18).

The Court should preclude Kimberling from testifying as to whether TECSYS committed fraud or made misrepresentations. These legal conclusions are classic jury questions that can be determined by any lay juror relying on common sense, and should be excluded. *See, e.g., David v. Signal Int'l, LLC,* No. 08-cv-1220, 2015 U.S. Dist. LEXIS 3603, *205 (E.D. La. Jan. 11, 2015) ("Because his expert testimony takes the extra step of opining on what [a party's] actions mean in this case legally speaking—i.e., makes legal conclusions as to whether they were fraudulent or misrepresentations—this testimony is prohibited."); *United States ex rel. Armfield v. Gills*, No. 07-cv-2374, 2013 WL 371457, *3 (M.D. Fla. Jan. 30, 2013) (precluding expert from testifying as to whether defendants committed fraud); *Darling v. Indymac Bank, F.S.B.*, No. 06-cv-123, 2007 WL 4276903, *4 (D. Me. Dec. 3, 2007) (finding that there was "no reason apparent" in the case why plaintiff's expert "should need to tell the jury … that the circumstances demonstrate[d] … fraud.").

### C. Opinions that TECSYS "Breached" A Contract

Kimberling also improperly opines that "TECSYS did not effectively perform this maintenance as per agreed, *clearly demonstrating a breach of contract*." (Report at 25). By offering the opinion that TECSYS "clearly breached" the License Agreement,

8

Kimberling is improperly invading the province of the jury and instructing the jury as to what conclusion it should reach on USW's breach of contract claim. This opinion is inadmissible. *See, e.g., Neel v. Fannie Mae*, No., 12-cv-311, 2014 WL 1117247, *3 (S.D. Miss. Mar. 20, 2014) (expert testimony that party beached the contract "is nothing more than a legal conclusion ... [that] is inadmissible."); *LaShip, LLC v. Hayward Baker, Inc.*, No. 11-cv-546, 2013 WL 5781688, *11 (E.D. La. Oct. 25, 2013) ("Whether [defendant] breached its contractual duties" is a "legal question[], and reliance upon expert opinion for these conclusions would be inappropriate."); *see also Beauregard Parish Sch. Bd. v. Honeywell, Inc.*, No. 05-cv-1388, 2008 WL 821053, *4 (W.D. La. Mar. 24, 2008) (excluding expert opinions that offered legal conclusions, such as: defendant breached its contract and defendant acted fraudulently).

## II. **Kimberling Should Be Precluded from Offering Testimony as to TECSYS's or USW's State of Mind**

In his Report, Kimberling opines as to TECSYS's and USW's state of mind. For example, he states that "[t]he fact that TECSYS recommended going live without the completion of security roles is a further indication that TECSYS *knew* the system was incomplete and not ready for production." (Report at 24) (emphasis added). Kimberling goes on to state that "TECSYS agreed to go live with the system *knowing fully well* that it did not implement acceptance testing by US WELDING." (Report at 26) (emphasis added). Similarly, Kimberling improperly offers opinions as to USW's intent and state of mind. For example, he states "US WELDING *relied* entirely on TECSYS's stated expertise," (Report at 26), "US WELDING *relied* on TECSYS's reassurances," (*Id.*), "US

9

WELDING *was misled* in the TECSYS sales process . . ." (*Id.* at 29). He also opines as to what USW "reasonably *expected*." (*Id.* at 27).

The Court should not allow Kimberling to testify as to what TECSYS or USW knew, believed or expected. That kind of "state of mind" or "knowledge" testimony is improper from an expert not testifying from personal knowledge. *See, e.g., iFreedom Direct Corp. v. First Tenn. Bank N.A.*, No. 09-cv-205, 2012 WL 3067597, *1 (D. Utah July 27, 2012) (striking opinions as to what party "understood" from expert report and precluding expert from testifying at trial about what party "'understood,' 'chose to ignore,' or 'should have known.'"). These kinds of opinions, given without personal knowledge, are outside of the scope of Kimberling's expertise, and are exactly the types of subjective opinions that are not helpful to the jury. *See Al-Turki v. Robinson*, No. 10-cv-2404, 2013 WL 603109, *5 (D. Colo. Feb. 15, 2013) (refusing to allow expert to "express any opinion regarding Defendant's mental state."); *Marlin v. Moody Nat'l Bank, N.A.,* 248 F. App'x 534, 541 (5th Cir. 2007) ("[A]n expert's credentials do not place him in a better position than the jury to draw conclusions about a defendant's state of mind."); *Wells v. Allergan, Inc.*, No. 12-cv-973, 2013 WL 7208221, *2 (W.D. Okla. Feb. 4, 2013) ( "mind reading is not the type of 'specialized knowledge' contemplated by Rule 702"). This type of expert testimony invades the province of the fact finder. *See, e.g., Island Intellectual Prop., LLC v. Deutsche Bank AG*, No. 09-cv-2675, 2012 WL 526722, *2 (S.D.N.Y. Feb. 14, 2012) (jury is tasked with determining facts and credibility, and expert opinion as to state of mind or intent of an individual invades the province of the jury).

For similar reasons, Kimberling's opinions that TECSYS committed fraud (described above) are inadmissible. USW asserts a claim for fraudulent inducement against TECSYS. (Compl., Doc. 2 ¶¶ 43-53). To establish a claim of fraud or fraudulent inducement, Colorado law requires proof that the defendant _knew_ that the representation of material fact was false and that the defendant made the representation with the _intention_ that it be acted upon. *Robert W. Thomas & Anne McDonald Thomas Revocable Trust v. Inland Pac. Colo., LLC*, No. 11-cv-3333, 2012 WL 4443309, *11 (D. Colo. Sept. 25, 2012) (citing *Trimble v. City & County of Denver*, 697 P.2d 716, 724 (Colo. 1985)). Thus, by stating that TECSYS committed fraud, Kimberling also improperly opines as to TECSYS's state of mind, because these opinions necessarily require the conclusion that TECSYS knew the representations were false and that TECSYS intended USW to act upon such representations. Kimberling's expert opinions as to TECSYS's knowledge or intent are improper and inadmissible. *See, e.g., In re Rezulin*, 309 F. Supp. 2d at 547 ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony."); *In re Diet Drugs*, No. MDL-1203, 2000 WL 876900, *9 (E.D. Pa. June 20, 2000) ("The question of intent is a classic jury question, and not one for experts.").

## **CONCLUSION**

TECSYS respectfully requests that the Court preclude any testimony of USW's expert Eric Kimberling that implies or makes particular conclusions of law, that opines or implies any particular state of mind of TECSYS or USW, or that otherwise is not based on Kimberling's particular expertise. In short, Kimberling's opinions should be limited to

the scope that he acknowledged to be proper in his Report—what the relevant ERP industry standards were at the relevant times, and whether TECSYS followed those standards in performing the implementation at issue.

Dated: June 17, 2015.                    Respectfully submitted,

                                            *s/Benjamin N. Simler*
Benjamin N. Simler
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8419
Fax: (303) 975-5341
bnsimler@hollandhart.com

Christopher H. Toll P.C.
Holland & Hart LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1637
Fax: (303) 975-5300
ctoll@hollandhart.com

**ATTORNEYS FOR DEFENDANT TECSYS, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2015, I caused the foregoing to be filed via ECF to all counsel of record and via e-mail as follows:

    Marcus Stephen Harris – mharris@mshtechlaw.com
    Peter Ordower – po@chicagolawsuits.com

                                            */s/ Benjamin N. Simler*

7830036_4