## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00778-REB-MEH

UNITED STATES WELDING, INC.,

      Plaintiff,

vs.

TECSYS, INC.,

      Defendant.

---

### NOTICE OF DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT

---

Pursuant to the Court's June 4, 2015 Order (Doc. 118), and in accordance with

D.C.COLO.LCivR 15.1, Defendant TECSYS, Inc. files this notice of filing its First

Amended Answer to Plaintiff United States Welding, Inc.'s Complaint (Doc. 2), attaching

as **Exhibit A** a comparison of the amended pleading to the preceding pleading.

Dated: June 19, 2015.

Respectfully submitted,

*s/ Benjamin N. Simler*
Benjamin N. Simler
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8419
Fax: (303) 975-5341
bnsimler@hollandhart.com

Christopher H. Toll P.C.
Holland & Hart LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1637
Fax: (303) 975-5300
ctoll@hollandhart.com

**ATTORNEYS FOR DEFENDANT TECSYS, INC.**

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00778-REB-MEH

UNITED STATES WELDING, INC.,

      Plaintiff,

vs.

TECSYS, INC.,

      Defendant.

---

## DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT (DOC. 2)

---

Defendant TECSYS, Inc. ~~answers~~submits its First Amended Answer to Plaintiff United States Welding, Inc.'s Complaint (Doc. 2) as follows. (Defendant restates the headings used in the Complaint for convenience only, and denies them to the extent they make any allegations of fact.)

## NATURE OF ACTION

1. Denied.

2. Defendant is without information sufficient to form a belief as to the truth of the allegations of this paragraph.

3. Defendant admits that is a publicly traded Canadian corporation with its principal place of business ~~is~~at 1 Place Alexis Nihon, Suite 800, Montreal, Quebec Canada H3Z 3B8, and otherwise denies the allegations of this paragraph.

**JURISDICTION AND VENUE**

4. Defendant admits that it is a citizen of a foreign country. The remaining allegations of this paragraph are legal conclusions to which no response is required, but to the extent required, Defendant denies the remaining allegations of this paragraph.

5. Defendant admits that there is a contract between the parties that speaks for itself. The remaining allegations of this paragraph are legal conclusions to which no response is required, but to the extent not a legal conclusion, the remaining allegations of this paragraph are denied.

**FACTUAL ALLEGATIONS**

**A.      USW's Business and Basic Needs**

6. Defendant is without information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Defendant is without information sufficient to form a belief as to the truth of the allegations of this paragraph.[1]

8. Defendant is without information sufficient to form a belief as to the truth of the allegations of this paragraph.[2]

**B.      USW's Software Needs**

9. Denied.

---

[1] Defendant admits that some distribution companies use Enterprise Resource Planning Software, which in some instances may include financial accounting, distribution planning, and inventory control functions, and otherwise denies or is without information sufficient to form a belief as to the truth of the allegations of Footnote 1.

[2] Defendant denies or lacks information sufficient to form a belief as to the truth of the allegations of Footnote 2.

10. Defendant admits that the referenced TECSYS representatives had sales meetings with representatives of Plaintiff and denies the remaining allegations of this paragraph.

11. Denied:

    a. Denied;

    b. Admitted that United States Welding stated that its resources would have very limited time to support the implementation of this project, and asked TECSYS to use an implementation approach where most of the work would be done and managed by TECSYS resources and where the use of United States Welding resources would be limited to a minimum. Otherwise, denied;

    c. Denied;

    d. Denied.

12. Defendant admits that certain TECSYS representatives had sales meetings with representatives of Plaintiff and denies the remaining allegations of this paragraph..

13. Admitted that the pages of Exhibit A before the page with the heading "Statement of Work" are authentic copies of the U.S. Software License, Support & Services Agreement ("SLSSA") and United States Welding's first Order under the SLSSA, both of which speak for themselves.  Otherwise denied.

**C.     Tecsys' Misrepresentations and Deception.**

14. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

15. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

16. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

17. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

18. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

19. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

20. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

21. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

22. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

23. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

24. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

25. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

26. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

27. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Defendant admits that the EliteSeries software was not validated by the FDA for compliance. Otherwise denied.

28. Defendant lacks information sufficient to form a belief as to the state of mind of United States Welding. Otherwise denied.

29. Defendant lacks information sufficient to form a belief as to the length of time it took United States Welding to perform a month-end close with WISDM or takes United States Welding to perform a month-end close with Elite. Otherwise denied.

30. Denied.

**D.      Tecsys Breaches the Agreement, Again.**

31. Admitted that on or about July 26, 2013, Dimitrios Argitis received an e-mail purporting to be from Kathy Lofgren with a carbon copy to Richard Lofgren, in which the quoted text appears, and that the document speaks for itself.  Defendant is without sufficient information to form a belief as to the truth of the allegation respecting United States Welding's ownership. Otherwise, denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted that on or about July 31, 2013, Peter Brereton, TECSYS's President and CEO, sent an e-mail to Kathy Lofgren with a carbon copy to Richard Lofgren in which the incomplete quoted excerpt appears. Otherwise denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

<u>**COUNT I**</u>
<u>**FRAUDULENT INDUCEMENT**</u>

43. Defendant incorporates its responses to paragraphs 1 through 42.

44. Denied.

45. Denied:

      e. Denied;

      f. Denied;

      g. Denied;

      h. Denied;

      i. Denied;

      j. Denied;

      k. Denied;

      l. Denied;

      m. Denied;

      n. Denied;

6

   o. Denied;

   p. Denied;

   q. Denied;

   r. Denied.

46. Denied.

47. Denied.

48. Denied:

   s. Denied;

   t. Denied;

   u. Denied;

   v. Denied;

   w. Denied;

   x. Denied;

   y. Denied;

   z. Denied.

49. Denied.

50. Defendant lacks information sufficient to form a belief as to United States Welding's state of mind. Otherwise denied.

51. Denied.

52. Denied.

The unnumbered paragraph following paragraph 52, and subparagraphs a-g are not allegations that require a response; to the extent any response is necessary, Defendant denies these allegations.

## <u>COUNT II</u>
## <u>NEGLIGENT MISREPRESENTATION</u>

53.  Defendant incorporates its responses to paragraphs 1 through 52.

54. Denied.

55. Denied:

a.  Denied;

b.  Denied;

c.  Denied;

d.  Denied;

e.  Denied;

f.   Denied;

g.  Denied;

h.  Denied;

i.   Denied;

j.   Denied;

k.  Denied;

l.   Denied;

m. Denied;

n.  Denied.

56. Denied.

8

57. Denied.

58. Denied:

      o.  Denied;

      p.  Denied;

      q.  Denied;

      r.  Denied;

      s.  Denied;

      t.  Denied;

      u.  Denied;

      v.  Denied.

59. Denied.

60. Defendant lacks information sufficient to form a belief as to United States Welding's state of mind. Otherwise denied.

61. Denied.

62. Denied.

The unnumbered paragraph following paragraph 62, and subparagraphs a-g are not allegations that require a response; to the extent any response is necessary, Defendant denies these allegations..

## COUNT III
## GROSS NEGLIGENCE

63.  Defendant incorporates its responses to paragraphs 1 through 62.

64. Denied.

65. Denied:

66. Defendant lacks information sufficient to form a belief as to United States Welding's state of mind. Otherwise denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

The unnumbered paragraph following paragraph 72, and subparagraphs a-g are not allegations that require a response; to the extent any response is necessary, Defendant denies these allegations.

## COUNT IV
## WILLFUL MISCONDUCT

73. Defendant incorporates its responses to paragraphs 1 through 72.

74. Denied.

75. Denied:

76. Defendant lacks information sufficient to form a belief as to United States Welding's state of mind. Otherwise denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

The unnumbered paragraph following paragraph 84, and subparagraphs a-g are not allegations that require a response; to the extent any response is necessary, Defendant denies these allegations.

## COUNT V
## BREACH OF CONTRACT

85. Defendant incorporates its responses to paragraphs 1 through 84.

86. Admitted that TECSYS and United States Welding entered into the SLSSA and the Order attached to the Complaint and that the documents speak for themselves. Otherwise denied.

87. Denied:

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

The unnumbered paragraph following paragraph 95, and subparagraphs a-f are not allegations that require a response; to the extent any response is necessary, Defendant denies these allegations.

## COUNT VI
## BREACH OF EXPRESS AND IMPLIED WARRANTY

96. Defendant incorporates its responses to paragraphs 1 through 95.

97. Admitted that TECSYS and United States Welding entered into the SLSSA and the Order attached to the Complaint and that the documents speak for themselves. Otherwise denied.

98. Admitted that TECSYS and United States Welding entered into the SLSSA and the Order attached to the Complaint and that the documents speak for themselves. Otherwise denied.

99. Denied.

The unnumbered paragraph following paragraph 99, and subparagraphs a-f are not allegations that require a response; to the extent any response is necessary, Defendant denies these allegations.

## COUNT VII
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

100.     Defendant incorporates its responses to paragraphs 1 through 99.

101.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

102.     Denied.

103.     Denied.

104.     Denied.

105.     Denied.

106.     Denied.

107.     Denied.

The unnumbered paragraph following paragraph 107, and subparagraphs a-f are not allegations that require a response; to the extent any response is necessary, Defendant denies these allegations.

## COUNT VIII
## BREACH OF FIDUCIARY DUTY

108.     Defendant incorporates its responses to paragraphs 1 through 107.

109.     Admitted that Defendant and United States Welding entered into the SLSSA and the Order attached to the Complaint on or about April 30, 2010 and that the documents speak for themselves. Otherwise denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

The unnumbered paragraph following paragraph 113, and subparagraphs a-g are not allegations that require a response; to the extent any response is necessary, Defendant denies these allegations.

**DEFENSES**

1.      ~~All claims set forth in~~ Plaintiff's Complaint ~~fails~~fail to state a claim upon which relief may be granted.

2.      This Court lacks subject matter jurisdiction over all of Plaintiff's claims.

3.      Defendant is not subject to personal jurisdiction in this Court for ~~one or more of~~ the claims alleged in the Complaint that relate to activities pre-dating the parties' SLSSA, including counts I and II.

4.      Plaintiff ~~has~~did not ~~served~~serve Defendant with process within the time limits prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, and the Court did not grant Plaintiff any extension of time.

5.      ~~One or more~~All of Plaintiff's claims ~~is~~are barred by the applicable statutes of limitations.

6.      ~~One or more~~All of Plaintiff's claims ~~is~~are barred by laches.

7.      ~~One or more~~All of Plaintiff's claims ~~is~~are barred by its waiver.

8.      ~~One or more~~All of Plaintiff's claims ~~is~~are barred by equitable estoppel.

9.      ~~One or more~~To the extent they seek equitable remedies, all of Plaintiff's claims ~~is~~are barred by its unclean hands.

10.     All of Plaintiff's demands for punitive damages are contrary to law.

11.     As to all of Plaintiff's tort claims, Plaintiff was contributorily or comparatively negligent;

12.     As to all of Plaintiff's tort claims, Plaintiff assumed the risk of any alleged harm;

13.     ~~One or more~~All of Plaintiff's contract claims ~~is~~are barred by release.

14

14.    ~~One or more of Plaintiff's~~To the extent they allege a breach of contract or other contract-based claim that depends on oral agreements or on any other agreement not in a writing signed by TECSYS, Plaintiff's contract, all of Plaintiff's contract-based claims ~~is~~are barred by the statute of frauds.

15.    ~~One or more~~All of Plaintiff's claims ~~is~~are barred in whole or in part by its failure to mitigate its damages.

16.    ~~One or more~~All of Plaintiff's contract-based claims ~~is~~are barred in whole or in part by ~~its~~Plaintiff's prevention of performance.

17.    ~~One or more~~All of Plaintiff's tort-based claims ~~is~~are barred in whole or in part by the economic loss rule.

18.    ~~One or more~~All of Plaintiff's contract-based claims ~~is~~are barred in whole or in part by the failure of a condition precedent.

19.    ~~One or more~~All of Plaintiff's contract-based claims ~~is~~are barred in whole or in part by its prior material breach.

20.    ~~One or more~~All of Plaintiff's contract-based claims ~~is~~are barred in whole or in part by its acceptance of goods tendered.

21.    ~~One or more of~~Either Plaintiff's tort-based claims ~~is~~or its contract-based claims are barred in whole or in part by the doctrine of election of remedies.

22.    ~~One or more~~All of Plaintiff's claims ~~is~~are barred by its failure to join a necessary party.

23.     ~~One~~For all of Plaintiff's tort-based claims and contract claims that depend on tort-like duties, one or more nonparties is at fault and responsible for some or all of Plaintiff's alleged damages.

24.     ~~One or more~~All of Plaintiff's claims ~~is~~are barred in whole or in part by contractual limitation of liability.

25.     ~~One or more~~All of Plaintiff's contract-based claims ~~is~~are barred by accord and satisfaction.

Dated: ~~April 13,~~ June 19, 2015.

Respectfully submitted,


*s/ Benjamin N. Simler*
Benjamin N. Simler
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8419
Fax: (303) 975-5341
bnsimler@hollandhart.com

Christopher H. Toll P.C.
Holland & Hart LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1637
Fax: (303) 975-5300
ctoll@hollandhart.com

ATTORNEYS FOR DEFENDANT TECSYS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2015, I caused the foregoing to be filed via ECF

to all counsel of record and via e-mail as follows:

Marcus Stephen Harris – mharris@mshtechlaw.com
Peter Ordower – po@chicagolawsuits.com


*/s/Benjamin N. Simler*
Benjamin N. Simler


7865832_1

3