**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00778-REB-MEH

UNITES STATES WELDING, INC., a Colorado corporation,

    Plaintiff,

v.

TECSYS, INC., a Canadian corporation,

    Defendant.

**ORDER CONCERNING MOTIONS TO EXCLUDE OPINION TESTIMONY**

**Blackburn, J.**

The matters before me are (1) the **Motion To Exclude Portions of Eric Kimberling's Expert Report** [#122][1] filed June 17, 2015; and (2) the **Objections To and Motion To Strike Defendant Tecsys, Inc.'s Rule 26(a) Initial Expert Disclosure** [#123] filed June 17, 2015. The parties filed responses [#134 & # 135] and related replies [#144 & #145] addressing both motions. I grant the motions in part and deny them in part.[2]

## I. STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

---

[1] "[#122]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the Rule 702 motion [#221] are adequately briefed, obviating the necessity for a ***Daubert*** hearing. Thus, the motion is submitted on the papers.

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. The Supreme Court of the United States has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper." *See Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

As interpreted by the Supreme Court, Rule 702 requires that the testimony of an expert be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-92 (1993); *Truck Insurance Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). The United States Court of Appeals for the Tenth Circuit employs a two-step analysis when considering the admissibility of expert testimony under Rule 702. *See 103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006).

The trial court has broad discretion in determining whether expert testimony is sufficiently relevant to be admissible. *See Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000). The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Goebel v. Denver and Rio Grand Western Railroad Co.*, 346 F.3d 987, 992 (10th Cir. 2003) (quoting *Kumho Tire*, 526 U.S. at 152).

Generally, "rejection of expert testimony is the exception rather than the rule." ***United States v. Nacchio***, 519 F.3d 1140, 1154 (10th Cir. 2008), *vacated in part on rehearing en banc*, 555 F.3d 1234 (10th Cir. 2009); FED. R. EVID. 702, 2000 Advisory Comm.'s Notes. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." ***Daubert***, 509 U.S. at 596.

## II. ANALYSIS

This case concerns software licensed to the plaintiff, United States Welding, Inc., by the defendant, TECSYS, Inc. US Welding says the software does not operate as promised by TECSYS and does not meet the requirements of US Welding. US Welding asserts claims for fraudulent inducement, negligent misrepresentation, gross negligence, willful misconduct, breach of contract, breach of express and implied warranty, breach of the duty of good faith and fair dealing, and breach of fiduciary duty.

### A. Specialized Legal Terms

US Welding proffers the expert testimony of Eric Kimberling, who is represented as an expert in the field of enterprise resource planning and enterprise systems, including software. His report is attached to the response [#134] of US Welding. *Kimberling Report* [#134], CM/ECF pp. 13 - 48.

In its motion [#122], TECSYS argues Mr. Kimberling should be precluded from offering opinions expressed in his report which amount to legal conclusions. For example, in his report, Mr. Kimberling says: "TECSYS was also negligent in that it failed to perform its due diligence on the proper requirements and functionality of the software . . . ." *Kimberling Report* [#134], CM/ECF p. 25. He says "TECSYS miscommunicated in multiple ways during the sales process with US WELDING, resulting in behavior

3

reflective of fraud and misrepresentation." *Id.*, CM/ECF p. 26.  He says "TECSYS did not effectively perform this maintenance per agreed (sic), clearly demonstrating a breach of contract."  *Id.*, CM/ECF p. 34.  US Welding contends the occasional use of lay terms such as fraud and negligence does not make these statements improper legal conclusions.

In some contexts, terms such as fraud and negligence have an ordinary meaning, as opposed to a specialized legal meaning.  In a trial involving claims of fraud, negligence, and breach of contract, such terms necessarily have a specialized legal meaning.  In that context, it is improper for an expert such as Mr. Kimberling to express his opinions using such specialized legal terms.  Of course, a qualified expert may discuss and define industry standards and other standards within his field of expertise, compare the actions or inactions of a party to those standards, and opine whether those standards were satisfied or not.  For the most part, the opinions of Mr. Kimberling involve such an analysis.  He may not, however, express his opinions by using the specialized legal terms, including negligence and fraud, which are at the heart of the claims asserted by US Welding.

In its motion, US Welding raises a similar issue concerning an expert witness endorsed by TECSYS, Jean-Francois Landry.  Mr. Landry is an employee of TECSYS who, on behalf of TECSYS, worked with US Welding in planning, implementing, and managing the software licensed by TECSYS to US Welding.  Mr. Landry is a non-retained expert.  He has not filed a report, but his opinions are summarized in the Rule 26 disclosure of TECSYS.

Mr. Landry opines that US Welding and an information technology firm used by US Welding were comparatively negligent.  He opines that US Welding failed to mitigate

4

its damages, failed to exercise reasonable care, and failed to fulfill its contractual obligations. In its response, TECSYS says it does not expect or intend Mr. Landry to testify using the phrase "comparatively negligent." *Response* [#135], p. 4.

Like Mr. Kimberling, Mr. Landry, if qualified, may discuss and define industry standards and other standards within his field of expertise. He may compare the actions or inactions of a party to those standards and opine whether those standards were satisfied or not. For the most part, the opinions of Mr. Landry appear to involve such an analysis. He may not, however, express his opinions by using the specialized legal terms which are at the heart of the claims asserted by US Welding.

### B.  Opinions About State of Mind

TECSYS contends the court should not allow Mr. Kimberling to testify about what any party knew, believed, or expected. For example, Mr. Kimberling says "US WELDING relied entirely on TECSYS's stated expertise" and US WELDING relied on TECSYS's reassurances." Such expert testimony, TECSYS argues, is improper from an expert not testifying from personal knowledge. On the other hand, US Welding challenges a statement by Mr. Landry that "USW never expressed the desire to learn how to customize screens or create expression columns . . . USW never took any responsibility for testing fixes." *Motion* [#123], p. 4. Both parties contend these experts should not be permitted to express opinions about the intention or state of mind of either of the parties.

If a witness, expert or not, has personal knowledge of an expression of intention, knowledge, or other state of mind by a party, the witness often may testify about that expression. Further, if a witness has knowledge of particular facts that tend to reflect an intention, knowledge, or other state of mind of a party, the witness often properly may

5

give a lay opinion about the intention or other state of mind so reflected.  Fed. R. Evid. 701.  How this issue may or may not play out in the trial of this case will not be clear until the evidentiary landscape becomes clear at trial. On this issue, I will deny both motions without prejudice.

### C.  Other Objections Concerning Mr. Landry

US Welding raises a variety of other objections to the opinions of Mr. Landry.  It argues that the expertise of Mr. Landry has not been shown, the facts and data used by Mr. Landry have not been described, and the principles and methods used by Mr. Landry have not been shown.  Again, Mr. Landry is a non-retained expert who is not required to produce a report.  Rather, only the summary disclosure required by Fed. R. Civ. P. 26(a)(2)(C) is required.  Neither party has provided the court with a copy of the disclosure concerning Mr. Landry.

The record before me shows Mr. Landry likely has expertise relevant to the issues in this case, is aware of facts and data which can and may provide a basis for his opinions, and applied principles and methods used routinely in his filed.  Until trial, however, the evidentiary landscape relevant to these issues will be uncertain.  As to these other issues, I will deny the motion [#123] concerning Mr. Landry without prejudice.

### III.  CONCLUSION & ORDERS

Neither Mr. Kimberling nor Mr. Landry may testify to opinions, expert or otherwise, using the specialized legal terms which define the claims of US Welding in this case. To that extent, both motions are granted.  However, if the relevant expertise of either witness is shown, they may discuss and define industry standards and other standards within their field of expertise.  They may compare the actions or omissions of

a party to those standards and opine whether those standards were satisfied or not.

Otherwise, the issues raised in both motions cannot be resolved until the evidentiary landscape becomes clear at trial. On all other issues, the motions are denied without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Exclude Portions of Eric Kimberling's Expert Report** [#122] filed June 17, 2015, is granted in part;

2. That the **Objections To and Motion To Strike Defendant Tecsys, Inc.'s Rule 26(a) Initial Expert Disclosure** [#123] filed June 17, 2015, are sustained and granted in part;

3. That neither Eric Kimberling nor Jean-Francois Landry may testify to opinions, expert or otherwise, using the specialized legal terms which define the claims of US Welding in this case;

4. That otherwise, the **Motion To Exclude Portions of Eric Kimberling's Expert Report** [#122] filed June 17, 2015, is denied without prejudice;

5. That otherwise, the objections stated in the **Objections To and Motion To Strike Defendant Tecsys, Inc.'s Rule 26(a) Initial Expert Disclosure** [#123] filed June 17, 2015, are overruled and denied without prejudice.

Dated March 28, 2016, at Denver, Colorado.

           **BY THE COURT:**

           */s/ Robert E. Blackburn*
           Robert E. Blackburn
           United States District Judge