**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00778-REB-MEH

UNITES STATES WELDING, INC., a Colorado corporation,

    Plaintiff,

v.

TECSYS, INC., a Canadian corporation,

    Defendant.

## ORDER DENYING MOTION TO STRIKE

**Blackburn, J.**

    This matter is before me on the **Motion To Strike Defendant's First Amended Affirmative Defenses** [#130][1] filed July 6, 2015. The defendant filed a response [#143], and the plaintiff filed a reply [#152]. I deny the motion.

    Previously, the plaintiff, United States Welding, Inc., filed a motion [#94] to strike the affirmative defenses of the defendant, TECSYS, Inc. United States Magistrate Judge Michael E. Hegarty granted that motion in an order [#118] entered June 4, 2015. In his order, Judge Hegarty observed:

> Rule 8(b)(1)(A) requires that, in responding to a pleading, a party must state in short and plain terms its defense to each claim asserted against it. Fed. R. Civ. P. 8(b)(1)(A). Unlike Rule 8(a)(2), Rule 8(b)(1)(A) does not include a requirement that the pleading "sho[w] that the pleader is entitled to relief." However, the defenses must be stated so as to give notice to a claimant, who can then use the discovery process to investigate more fully the factual basis supporting the defense.

---

[1] "[#130]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Order* [#113], pp. 4-5 (internal quotation and citation omitted).  In addition, I note, Rule 8(c)(1) provides that a party responding to a pleading must "affirmatively state" any affirmative defense.

In his order, Judge Hegarty found that "Tecsys has simply listed 25, one-sentence defenses in which the majority refer to 'one or more' of USW's claims.  These listed defenses do nothing to give USW notice of which claim Tecsys intends each defense to be applied."  *Id.*, p. 5 (citation to the record omitted).  On June 19, 2015, TECSYS filed its first amended answer [#126] which includes a re-statement of its affirmative defenses.  As shown in the redline version of the amended answer [#127], TECSYS re-worded its affirmative defenses to apply to all of the claims of the plaintiff, all of the tort-based claims of the plaintiff, or all of the contract-based claims of the plaintiff.  US Welding now argues that this statement of affirmative defenses remains inadequate because TECSYS fails to allege any affirmative facts in support of its affirmative defenses.

I find that the affirmative defenses of TECSYS, as stated in its amended answer [#126], comply with the requirement of Rule 8(c) that a party "affirmatively state" any affirmative defense and the requirements of the order [#113] of Judge Hegarty.  TECSYS now has specified which claim or type of claims TECSYS intends each affirmative defense to apply.  With that, US Welding had the opportunity, as suggested previously by Judge Hegarty, to "use the discovery process to investigate more fully the factual basis supporting the defense."  *Order* [#113], p. 5 (internal quotation and citation omitted).

THEREFORE, IT IS ORDERED that the **Motion To Strike Defendant's First Amended Affirmative Defenses** [#130] filed July 6, 2015, is denied.

Dated March 29, 2016, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge