**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00778-REB-MEH

UNITES STATES WELDING, INC., a Colorado corporation,

    Plaintiff,

v.

TECSYS, INC., a Canadian corporation,

    Defendant.

## ORDER CONTINUING TRIAL

**Blackburn, J.**

    This matter is before the court *sua sponte*. A conflict between the trial setting in this case and a trial setting in a criminal case necessitates a continuance of the trial in this case.

    Currently, the trial of this case is scheduled to begin on May 16, 2016. A combined Final Pretrial Conference and Trial Preparation Conference is set for May 6, 2016. On May 16, 2016, this court will be in the midst of a trial in a criminal matter set to proceed before this judge. For many reasons, including the speedy trial requirements of the Sixth Amendment and the Speedy Trial Act of 1974, trial settings in criminal cases take precedence over trial settings in civil cases.

    The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. *See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing *U.S. v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing

factors)). The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).[1] Applied to the present case, these factors augur toward a continuance of the trial and the combined Final Pretrial Conference and Trial Preparation Conference.

**THEREFORE, IT IS ORDERED** as follows:

1. That the combined Final Pretrial Conference and Trial Preparation Conference set for May 6, 2016, and the trial set to begin May 16, 2016, are vacated and continued without date;

2. That on **May 6, 2016, at 10:00 a.m.** (MDT) counsel for the parties shall contact the court's administrative assistant **at (303) 335-2350** to reschedule the combined Final Pretrial Conference and Trial Preparation Conference and the trial;

3. That the trial shall be scheduled for eight (8) trial days;

4. That counsel for the plaintiff shall arrange and coordinate the conference call necessary to facilitate this telephone conference;

5. That the **Second Trial Preparation Conference Order** [#226] entered January 6, 2016, is amended and supplemented accordingly.

---

[1] In my civil practice standards, I specify that a motion to continue shall be determined pursuant to, *inter alia*, the *West* factors. *See* REB Civil Practice Standard II.F.2.

Dated April 25, 2016, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge